## No. 11,130.

### ROBINSON v. THE PEOPLE.

Decided January 5, 1925.

Plaintiff in error was convicted of murder.

*Affirmed.*

*On Application for Supersedeas.*

1.   CRIMINAL LAW—*Homicide—Intent and Premeditation.* In a prosecution for homicide, evidence reviewed and held sufficient to establish intent and premeditation, and to support a verdict of first degree murder.

2.   *Evidence.* Failure of the court in a criminal prosecution of joint defendants to limit evidence of conversations between the wife of deceased and one of the defendants, as applicable to such defendant only, held, under the facts disclosed, not to be reversible error.

3.   *Severance—Showing.* Under the provisions of section 7097, C. L. '21, concerning separate trials in criminal cases, it is held that the showing in support of a motion for a severance was not sufficient to make the denial of the motion prejudicial error. The alleged incompetent evidence should be set out in the motion.

4.   *Trial—Court Remarks.* Remark of the court during the progress of a criminal trial, held not of such a nature that the error in making it was not cured by an˚ instruction given im-

mediately afterwards, that it should not be considered by the jury.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. JOHN B. BARNARD, Mr. GEORGE PENNEY, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, for the people.

MR. JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff in error, hereinafter referred to as defendant, was convicted of murder in the first degree. The jury fixed the penalty at life imprisonment, and defendant was accordingly sentenced to the state penitentiary for life. He has sued out this writ of error, and applies for a supersedeas.

The information charged the defendant jointly with one Pearl Horton with the murder of William Wright. Each defendant moved for a separate trial. The motions were overruled and the accused were tried jointly. At the close of the evidence there was a dismissal as to the defendant Horton.

The instructions to the jury comprised ones dealing with the crime of murder in the first degree. These were objected to upon the ground that the evidence is insufficient to prove murder in the first degree. An assignment of error concerning this instruction, and other assignments, raise the question whether there is sufficient evidence to support a verdict of guilty of murder in the first degree. The contention is that the element of premeditation was not proven.

So far as the facts of this case are concerned, murder in the first degree is defined as "all murder which shall be perpetrated * * * by any kind of wilful, deliberate and premeditated killing." Section 6665, C. L. 1921.

The homicide occurred at the home of the mother of deceased. There was there a disturbance created by some

heated conversation carried on by Pearl Horton and the wife of William Wright. Wright requested Pearl Horton and some other visitors, including the defendant who is plaintiff in error here, to leave the house. As such visitors were leaving, the defendant drew a pistol from his pocket. The weapon was discharged, the bullet striking William Wright.

There was introduced in evidence the dying declaration of William Wright. It is stated therein that there "were words" between Mrs. Wright and Pearl Horton; that Wright, the declarant, tried to push all of the visitors out of the house, and then defendant shot him. Wright heard the defendant say, "Don't hit that woman." Wright was unarmed, and was taking peaceable means to eject the visitors. There was no provocation for the killing. Such are the circumstances cited by plaintiff in error in support of his contention that no premeditation was shown.

In Wharton on Homicide (2nd Ed.) § 180, the author says: " 'Premeditated' does not require positive proof of an intent prior to the commission of the act, as such prior intent may be inferred from the act."

In *Van Houton v. People,* 22 Colo. 53, 43 Pac. 137, it is said: "In this case the proof must establish deliberation and premeditation to support the verdict. Time, however, is not essential if there was a design and determination to kill formed in the mind of the defendant previous to or at the time the mortal wound was given. It matters not how short the interval, if it was sufficient for one thought to follow another, and the defendant actually formed the design to kill, and deliberated and premeditated upon such design before firing the fatal shot, this was sufficient to raise the crime to the highest grade known to the law.

By the statute the jury are expressly authorized to designate the degree in case murder is established. * * * Under these acts premeditation and deliberation are matters of inference and presumption to be drawn by the jury from the facts and circumstances leading up to, surrounding and explanatory of the homicide."

The defendant's being armed, and his use of a deadly weapon, was evidence of intent. 30 C. J. 290. The act of killing, and the fact that some time elapsed after Wright sought to eject Pearl Horton, a friend of plaintiff in error, before the shot was fired, are circumstances from which premeditation may be inferred. We cannot say as a matter of law that premeditation was not shown, or that the verdict is not warranted by the evidence.

Error is assigned to the court's refusal to take from the consideration of the jury certain evidence in so far as it affects the defendant Robinson. The evidence in question related to conversations between the wife of deceased and the defendant Horton, not in the presence of defendant Robinson, and to animus existing between defendant Horton and the wife of the deceased. We do not think this evidence was prejudicial to plaintiff in error. The court's failure to instruct the jury to limit this evidence as applicable to defendant Horton only was not reversible error as to the plaintiff in error.

Before the trial the plaintiff in error filed his motion for a separate trial. Error is assigned to the court's overruling the motion.

The motion was based on section 7097, C. L. 1921, which reads as follows: "When two or more defendants are jointly indicted for any felony, any defendant against whom there is evidence, which does not relate to the reputation of such defendant, and which would be material and admissible as to such defendant, if tried separately, but which would be inadmissible as to any other of said joint defendants if tried alone, such defendant against whom evidence as aforesaid, is material and admissible, shall be tried separately. In all other cases, defendants jointly indicted or prosecuted, shall be tried separately or jointly in the discretion of the court."

The plaintiff in error's motion for a separate trial did not contain any other allegations concerning the evidence than those which are substantially in the language of the statute. It did not state what the evidence would be. No

affidavit was offered or attached in support of the motion. The question to be now determined is whether the court erred in denying the motion under such circumstances.

In *Cook v. People,* 56 Colo. 477, 138 Pac. 756, there is found in the dissenting opinion the following apt language: "It is true that under our statute a separate trial should be granted where it is made to appear that a defendant will be prejudiced on a joint trial by the admission of evidence which is not admissible as against him but which is competent as against his co-defendant. But this must be made to appear in support of a motion for a severance, not by merely stating that at the trial evidence will be admitted which is not competent as against the moving defendant but is competent against his co-defendant, but the evidence which it is claimed is incompetent must be set out so that the court will be given the opportunity to determine whether or not the defendant moving for a severance may be prejudiced by testimony competent as to his co-defendant but not admissible as to him. Such has been the recognized practice in this jurisdiction. *Davis v. People,* 22 Colo. 1, 43 Pac. 122; *Moore v. People,* 31 Colo. 336, 73 Pac. 30.

"In what other manner can the court be advised whether the severance should be granted?"

The language above quoted does not conflict with the decision announced in the majority opinion in that case. The decision simply was that Cook, and not his codefendant, was the proper party to make the motion, under the circumstances there discussed. No Colorado case holds contrary to the quotation above set out. Moreover, the authorities support the view there taken. In 16 C. J. 788, it is stated in the text that "as a rule the application for a severance must be supported by an affidavit which definitely shows a good cause therefor."

For the reasons above indicated, there was no error in overruling the motion of plaintiff in error for a severance.

While the plaintiff in error was on the witness stand, his counsel asked him the following question: "Did you

know whether or not Willie Wright was seriously shot?" This had reference to the time immediately following the shooting of Wright by defendant. The district attorney objected to the question as immaterial, and counsel for defendant then remarked: "We contend that the shooting was accidental, and naturally the defendant would not stop to investigate how badly he was hurt."

Thereupon the court remarked: "Would not he be more likely to stop to investigate if the shooting was accidental than if it was intentional?"

Counsel for the defendant excepted to this remark, and the court thereupon stated to the jury "that any remarks made by the court are not to be considered by the jury."

It is contended that the court committed reversible error in making the remark above quoted, concerning the probability of defendant's investigation of the deceased's injury, etc. It is argued that it was a comment on the evidence. The remark was not of such a nature that the error in making it could not be cured by the instruction given immediately afterwards. It cannot be made a ground for reversal in this case.

There is no error in the record. The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.