Clifford Cleadis SUMPTER,
Plaintiff in Error,

v.

LAWTON COOPERATIVE ASSOCIATION,
a corporation, Defendant in Error.

No. 40168.

Supreme Court of Oklahoma.
July 16, 1963.
Rehearing Denied Sept. 10, 1963.

Matthews & Kasper, Perry, for plaintiff in error.

John W. Tyree, Lawton, and Alex Cheek, of Cheek, Cheek & Cheek, Oklahoma City, for defendant in error.

Morgan, Beauzay & Holmes, San Jose, Cal., amici curiae in support of plaintiff in error.

Kerr, Lambert, Conn & Roberts, Ada, Savage, Gibson, Benefield & Shelton, Oklahoma City, amici curiae in support of defendant in error.

BERRY, Justice.

The parties here appear as they did below.

Plaintiff Clifford Cleadis Sumpter filed in the District Court of Comanche County, Oklahoma, a personal-injury tort action against defendant, Lawton Cooperative Association, Inc. Defendant filed an amended general demurrer and special demurrer which we shall treat as a plea to the jurisdiction, and to which were attached, as support, four depositions, a stipulation as to the written testimony of three witnesses, and the record of a previous case between the same parties involving the same subject matter. The trial court found that it did not have jurisdiction of the matter, sustained the plea and dismissed the cause, holding jurisdiction to be in the Industrial Court. Plaintiff then lodged this present appeal on the original record.

Before discussing the merits of this appeal, we shall first consider defendant's "Motion to Dismiss Appeal."

█ Defendant sought to dismiss this appeal, asserting that this Court is deprived of jurisdiction by plaintiff's failure to transmit or file the original record in the Supreme Court. This assertion is clearly without merit. Title 12 O.S.1961 § 956.10, inter alia, provides:

"* * * The original record shall be transmitted to the Supreme Court only in the event that court or any justice thereof shall deem it necessary to examine the original record before or after briefs have been filed, and shall order the Clerk of the trial court to deliver the same to the Clerk of the Supreme Court. * * *"

█ It is conceded by the parties that plaintiff was injured April 27, 1960, as a result of an explosion which occurred in defendant's feed mill located in Lawton, Oklahoma. Plaintiff was an employee of Process Engineering Co., herein referred to as "Process". At the time of the accident plaintiff and another employee of Process were inside a grain bin making repairs to the wiring and instruments known as bindicators. This work was being done by Process pursuant to a contract between Process and defendant covering the original construction of the feed mill and warehouse. Although it appears that the original construction of the mill had been completed prior to April, 1960, the mill was in operation at the time of the accident. Process was, by the terms of the contract, required to guarantee the labor and materials for a period of 120 days and to furnish a 12-month maintenance bond. The contract further required Process to carry Workmen's Compensation Insurance on its employees, including plaintiff, which it did.

It is clear that at the time the bindicators in some or most of the bins were not operating properly so as to show, by lights on a control panel, whether the particular bin was full or empty and that repairs and/or replacements were being accomplished bin by bin by Process at the time of the accident.

Plaintiff alleged that he and his co-worker were in the process of replacing the wiring system and bindicators, and while his co-worker was standing with a lighted welding torch, defendant negligently caused grain to be poured into the bin from an overhead grain spout and an explosion ensued.

The only issue, as we view it, to be determined by us is whether under these facts defendant was a principal employer within the meaning of Title 85 O.S.1961 §§ 11, 12 and 44 and not liable to an employee of its contractor, Process Engineering Company, in a suit at common law, or whether defendant was a third party and subject to such a suit.

Defendant cites the case of Baldwin v. Big X Drilling Company, Inc., Okl., 322 P. 2d 647, in which we said:

"* * * The defendant was tearing down its rig when it found that the A-frame of the rig must be welded before

it could proceed. It employed Huntsinger and Son Welding & Machine Shop to do the work.

"Huntsinger and Son Welding & Machine Shop carried on a hazardous business within the purview of the Workmen's Compensation Act and had complied therewith.

"The plaintiff was employed by Huntsinger and Son Welding & Machine Shop as a welder. It sent him to the defendant's rig to do the required welding.

"The plaintiff went upon the rig of defendant and was proceeding with the welding job when he received an accidental injury by reason of the alleged negligence of the defendant.

\*　\*　\*　\*　\*　\*

"(2) The determination of whether the right to maintain an action in tort was abrogated must be in the light of the legislative intent, the objective sought to be effectuated by the Workmen's Compensation Act. Certainly such Act was for the purpose of protecting injured workmen, not to give a negligent tort feasor a defense. Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203.

"(3) Huntsinger and Son Welding & Machine Shop, plaintiff's employer, was engaged in a hazardous employment within the purview of the Act. The defendant was engaged in a hazardous employment and within the Act. The A-frame is a necessary part of defendant's rig. The repair thereof was an integral part of, and necessarily connected with and incident to its business in that without the A-frame in proper repair defendant's business, the drilling of wells, could not continue.

"The plaintiff's employer therefore was an independent contractor carrying on hazardous employment, doing a job, welding the A-frame of the rig of defendant, a drilling contractor, an integral part of and necessarily connected with and incident to the defendant's business. By virtue of 85 O.S.1951 § 11, defendant was secondarily liable for compensation payable under the Act to the plaintiff for the disability resulting from an accidental injury suffered by him and arising out of and in the course of his employment.

"The trial court was, therefore, correct in determining that it was without jurisdiction. \*　\*　\*"

To our minds, the facts in the Baldwin case, supra, and rules applied therein are parallel to the instant case. Here the plaintiff was directly employed by Process Engineering Co. Process was the principal contractor of defendant. Both defendant and Process were engaged in hazardous employment and both carried Workmen's Compensation Insurance coverage.

Plaintiff contends that the work being accomplished by Process through him was not an integral part of and necessarily connected with and incident to defendant's business. We cannot agree. The bins themselves and accessory equipment, i. e., bindicators, to our minds, are clearly a part and parcel of the mill equipment without which the defendant's operation would have been sorely handicapped, if not forestalled entirely. The operation of the feed mill in grinding, mixing, processing and storing grain is an integrated operation and the faulty operation of control devices seriously affected the overall objective. The case of Baldwin v. Big X Drilling Co., supra, is determinative of the issue here.

Plaintiff urges principally the cases of Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203; Horwitz Iron & Metal Co. et al. v. Myler, 207 Okl. 691, 252 P.2d 475; and Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okl. 335, 193 P.2d 586, as supporting his position.

These cases are distinguishable from the case now before us for reasons set out in the Baldwin case, supra, and cases therein cited and distinguished. A factor not to be overlooked is that under 85 O.S.1961 §§ 11 and 12, the defendant would have been

liable for compensation had Process failed to carry Workmen's Compensation.

We, therefore, hold that the trial court was correct in determining that it was without jurisdiction to hear the matter.

Judgment affirmed.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.