John OSMOND, Administrator of the Estate of Don Osmond, Deceased, Petitioner,

v.

PAUL R. MOODY CONSTRUCTION CO., State Insurance Fund, and State Industrial Court of the State of Oklahoma, Respondents.

No. 40997.

Supreme Court of Oklahoma.

Nov. 2, 1965.

Rehearing Denied Dec. 21, 1965.

Dick Bell, Frank Seay, Seminole, Rinehart & Morrison, Oklahoma City, for petitioner.

Tomerlin & High, Granville Tomerlin, Oklahoma City, amici curiæ.

Mont R. Powell, Fred Nicholas, Jr., Sam Hill, Oklahoma City, for respondents.

JACKSON, Vice Chief Justice.

This is an original proceeding to review an order of the State Industrial Court denying an award of compensation under the death benefit provisions of the Workmen's Compensation Act. Claimant, John Osmond, is administrator of the estate of Don Osmond, deceased. Don Osmond was an unemancipated minor, the son of John Osmond, at the time of his death in an industrial accident while in the employment of respondent, Paul R. Moody Construction Co.

The award was denied by the State Industrial Court en banc upon the ground that claimant was not "dependent" upon deceased, as that term is used in the Workmen's Compensation Act.

On appeal to this court, claimant argues in effect that the question of whether claimant was actually dependent upon deceased is not the proper test for determining who is entitled to recover death benefits under the Workmen's Compensation Act.

This argument must be sustained. Article 23, Sec. 7, of the Oklahoma Constitution, prior to its amendment in 1950, had the effect of freezing into our law the right of action for wrongful death as it existed when our Constitution was adopted. Under the law as it then existed, damages for death "must inure to the [exclusive] benefit of the surviving spouse and children, if any, or next of kin," 12 O.S.1961, Sec. 1053, and "the amount recoverable is measured by the pecuniary loss each sustains by reason of the death", Capitol Steel and Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, 1140. The 1950 amendment of Article 23, Sec. 7, of our constitution, authorized the legislature only to "provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive". It did not authorize the legislature to substitute the test of "dependency" for the "pecuniary loss" test in the determination of the question of what heirs, if any, should be entitled to recover.

We have recently (Sept. 14, 1965) given this precise question detailed consideration in Wallace et al. v. State Industrial Court et al., Okl., 406 P.2d 488. We adopt the syllabus of that case as the syllabus in this one.

The order of the State Industrial Court is vacated for further proceedings.

DAVISON, IRWIN, HODGES and LAVENDER, JJ., concur.

BLACKBIRD and BERRY, JJ., concur by reason stare decisis.