Jess E. CORVIN, Administrator of the Estate of Joe Lee Corvin, deceased, Petitioner,

v.

STATE INDUSTRIAL COURT, Earth Products of Ada, Inc., St. Paul Mercury Insurance Company and Ruth Callis, Respondents.

No. 41043.

Supreme Court of Oklahoma.

Nov. 23, 1965.

W. B. Ward, I. Jake Blevins, by I. Jake Blevins, Ada, for petitioner.

Lewis M. Watson, Ada, for cross-petitioner, Ruth Callis.

Harvey J. Lambert, Lambert, Roberts & Lewis, Ada, Charles R. Nesbitt, Atty. Gen., for respondents.

HODGES, Justice.

This is an original proceeding by Jess E. Corvin, administrator of the estate of Joe Lee Corvin, deceased, for review of an order of the State Industrial Court denying the administrator's claim for death benefits under the Workmen's Compensation Act. The claim was against Earth Products of Ada, Inc., employer, and its insurance carrier, St. Paul Mercury Insurance Company.

The administrator, who is the father of deceased, will be hereinafter referred to as Claimant Corvin. Employer and carrier will be referred to as respondents. Ruth

Callis, mother of deceased, who is also a respondent and a cross-petitioner in this proceeding, will be referred to as Claimant Callis. She also seeks recovery of the death benefits of the Act as a result of the death of her son.

The sole question submitted for determination by the lower court was that of "dependency" as that term is defined by the law of Oklahoma. It was stipulated that the deceased, who was sixteen years of age at the time of his death, was employed in a hazardous occupation within the meaning of the Workmen's Compensation Act, and that his death arose out of and in the course of this employment when he was electrocuted on July 19, 1963.

Claimant Corvin testified that he and Claimant Callis were divorced but that he had custody of deceased and that deceased had lived with him since 1960; that deceased would have been a senior in high school the fall following his death; that deceased had worked the two summers prior to his death for a sand and gravel company; that deceased made a garden, took care of a hog, milked the cows, mowed the lawn, did other work around the house, and built a fence around the home place; that deceased bought a calf and hog with his own money and put them in the deepfreeze; that there were six members in claimant's family, including deceased, and that all of the family ate the produce from the garden and the meat furnished by deceased; that deceased worked after school hours; that deceased contributed "at least $200.00" "for the family's good" during the two years preceding his death; that in addition deceased bought a load of rock for claimant that cost $29.00 and a truck battery and tire; that deceased also furnished claimant an old pickup truck to haul tires in.

Claimant Corvin further testified that to his knowledge, deceased had never made any contributions or gifts to Claimant Callis.

Claudette Corvin testified that she was the wife of claimant and stepmother of deceased; that deceased took care of the livestock and helped do the chores around the house; that deceased gave her money to put in the bank and told her to use it if the family needed it; that deceased bought groceries for the family and that they killed deceased's calf and pig and put them in the deepfreeze; that in her opinion deceased contributed "at least $150.00 to the family" in 1963.

On October 14, 1963, the trial judge found that Claimant Corvin "is the sole and only legal dependent heir at law of the deceased" and awarded him statutory benefits.

On October 25, 1963, respondents appealed from said award to the court en banc. On November 20, 1963, Claimant Callis filed a motion to vacate the order and made application to intervene. On said date, the court en banc vacated the order and remanded the cause to the trial judge.

On December 9, 1963, the trial judge conducted further hearings on the case.

Claimant Callis testified she was the mother of deceased; that Claimant Corvin had custody of deceased and that deceased lived with Claimant Corvin; that deceased visited her on occasions and gave her various sums of money at different times; that deceased made plans to live with her in Sulphur, Oklahoma and to take a job there and attend school there.

Gloria Reed testified by deposition. She stated she was the sister of deceased; that deceased bought feed for Claimant Corvin's cattle and groceries for Claimant Corvin but that Claimant Corvin supported deceased most of the time and that she never knew of deceased giving any money to Claimant Callis.

On July 2, 1964, the trial judge entered an order finding that Claimant Corvin and Claimant Callis were "the sole and only legal dependent heirs" of the deceased and gave them an award. Claimant Corvin and respondents appealed to the court en banc where the order was vacated upon the

ground that neither claimant had established dependency upon deceased, as that term is used in the Workmen's Compensation Act.

Claimant Corvin asserts that the lower court erred in denying his claim for compensation in that he was a dependent heir at law of deceased and further that Claimant Callis was not. Claimant Callis contends that she was a dependent legal heir of the deceased and as such is entitled to the benefits provided by the Workmen's Compensation Act.

■ Subsequent to the order of the State Industrial Court in the instant case, this court has handed down an opinion considering the precise issue raised in this case, the right of parents of a deceased minor to recover death benefits under the Workmen's Compensation Act. Wallace et al. v. State Industrial Court et al., Okl., 406 P.2d 488. In the Wallace case, this Court asked: "[a]re claimants entitled to an award if they prove they have suffered a pecuniary loss by reason of the death of their son; or must they prove that they were dependent upon their son for support?" Therein we held:

"Under the death benefit provisions of the Workmen's Compensation Act, recovery can be had for death of any employee by a claimant-heir who has suffered a pecuniary loss thereby, and dependency upon deceased in whole or in part is not required."

In vacating the order denying an award and remanding for further proceedings we said:

"From the four corners of the order under review it appears that the Industrial Court required proof that claimants were 'dependent' upon deceased. This was error. Under Oklahoma law claimants are required to prove that they are heirs (85 O.S.1961, § 3.1(1), and have suffered a pecuniary loss as in wrongful death actions under 12 O.S.1961, §§ 1053 and 1054.

The amount of the pecuniary loss is not of great significance in death benefit claims under the Workmen's Compensation Law, but there must be a pecuniary loss."

■■ In the cited case we laid down the following guidelines:

"A pecuniary loss has been sustained by the parents of a minor unmarried child under the death benefits provisions of the Workmen's Compensation Law where the value of the child's service and earnings during minority, plus the amount he could reasonably be expected to contribute to his parents' support after majority, if any, exceed the cost of food, clothing, care and education of the child during the period of minority.

"The quantum of evidence necessary to establish a pecuniary loss to a parent for the death of a minor unmarried child under the Wrongful Death Statute, 12 O.S.1961, § 1053, is sufficient to support the right of a parent to recover as a *dependent heir* under the death benefit provisions of the Workmen's Compensation Law." (Italics added).

■ We adhere to our ruling in the Wallace case. However the use of the terminology "dependent heir", italicized in the last quoted paragraph, is misleading and should be avoided. Dependency of a claimant upon the deceased is not an issue. Under our statutes, a claimant may recover upon establishing (1) that he is an heir at law of the deceased employee and (2) that he has suffered some pecuniary loss as a result of the death of the employee.

It was error for the Industrial Court to require that the claimants show that they were dependent upon the deceased. The order of the Industrial Court is vacated and the cause is remanded for further proceedings to determine whether a pecuniary loss has been suffered by either, or both, of the claimant heirs.