No. 22176.

Frank L. Bradney *v.* The People of the State of Colorado.

(426 P.2d 765)

Decided April 24, 1967.     Rehearing denied May 15, 1967.

Frank J. Anesi, Public Defender, Sixth Judicial District, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

FRANK L. BRADNEY, hereinafter referred to as the defendant, was found guilty of the crime of first-degree murder and was sentenced to life imprisonment in the state penitentiary.

Counsel for the defendant seeks reversal of the judgment on three grounds, viz: (1) That error was committed in the admission of certain photographs of the body of the victim taken after surgery in an attempt to save his life; (2) that the court erred in submitting the case to the jury on the charge of first degree murder, for the reason that there was "no evidence of premeditation and deliberation"; and (3) that the district attorney "by his conduct during the trial and in his closing argument, created an unfair and prejudicial atmosphere towards the defendant."

In support of the point that the pictures were erroneously admitted, counsel for the defendant relies on *Archina v. People*, 135 Colo. 8, 307 P.2d 1083. In that case we find a statement, relating to the use of photographs of the nude body of the victim of a homicide, that it is not the right or duty of the district attorney "to produce or present evidence that has no probative value and that serves only to arouse the passions and prejudices of the jurors." In the instant case, however, the trial court held that the pictures as presented to the jury had probative value. They tended to corroborate the testimony of the People's witnesses on facts which were disputed by the defendant. An entirely different factual situation is found in the record in this case

than that which was before the court in *Archina.* In *People v. Spinuzzi,* 149 Colo. 391, 369 P.2d 427, we find language applicable to the instant case, as follows:

"* * * It has been consistently held in this jurisdiction that photographs are competent evidence of anything which it is competent for a witness to describe in words. They are not inadmissible merely because they bring vividly to the jurors the details of a shocking crime or could arouse passion or prejudice. (Citing cases). Here the photograph was a picture of the deceased taken in the mortuary shortly after the killing. It portrayed the bullet wounds and the People were entitled to have the jury observe this picture for that purpose."

There is no merit to the argument that there was no evidence to support a verdict of guilt on the charge of first-degree murder. In *Hammil v. People,* 145 Colo. 577, 361 P.2d 117, we find the following pertinent language:

"* * * The law does not demand that a defendant shall have premeditated for any period of time. It only demands that the defendant shall have committed the act deliberately and with premeditation. * * *"

The period of time is only that which is necessary for one thought to follow another. *Maestas v. People,* 91 Colo. 36, 11 P.2d 227; *People v. Spinuzzi, supra.*

There is no showing of prejudicial error in the conduct of the district attorney. An experienced trial judge presided at the trial and the statement that the conduct of the prosecutor created "an unfair and prejudicial atmosphere towards the defendant" is not shown by the record.

The judgment is affirmed.