WHIPPLE v. PHILLIPS AND SONS TRUCKING



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:WHIPPLE v. PHILLIPS AND SONS TRUCKING

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WHIPPLE v. PHILLIPS AND SONS TRUCKING
2020 OK 75
Case Number: 118360
Decided: 09/21/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 75, __ P.3d __

 



 

SHARLA WHIPPLE, individually, NEXT OF KIN, & PERSONAL REPRESENTATIVE OF THE ESTATE OF TAYLOR RAY BORTH, deceased, Plaintiff/Petitioner,
v.
PHILLIPS AND SONS TRUCKING, LLC., a Domestic Corporation, JDC DRILLING, LLC., a Domestic Corporation, TITAN DRILLING, LLC., a Domestic Corporation, STEVE JERNIGAN, an Individual, BRADFORD G. BARBY, an Individual, STEVE POWLESS, an Individual, ROBERT L. SNYDER, an Individual, ROY ROUNDTREE, an Individual, ABEL GREGORY ORTEGA, an Individual, MATTHEW DOW HUGHES, an Individual, RAFAEL MARQUEZ, an Individual, GARY JENNINGS, an Individual, DEERING SAFETY CONSULTING LLC., a Domestic Corp., AARON DEERING, an Individual, Defendants/Respondents.

APPEAL FROM A CERTIFIED INTERLOCUTORY ORDER OF
THE DISTRICT COURT OF CANADIAN COUNTY
Paul Hesse, Trial Court Judge

¶0 The petitioner's, Sharla Whipple's (petitioner/Whipple), twenty-three year old, unmarried son lost his life in a work related accident. Under the Workers Compensation Act, 85A O.S. Supp. 2014 §47, only a spouse, child, or legal guardian may file a Workers Compensation death benefit claim when a work related death occurs. Whipple's son had no spouse, child or legal guardian. Consequently, Whipple's only remedy was to file a wrongful death action in the District Court of Canadian County. However, the trial court granted partial summary judgment against Whipple, determining that her only remedy is limited to the Workers Compensation system, rather than the district court. Whipple appealed. We hold that the right of a parent as the next of kin to bring a wrongful death action when the decedent is an adult, unmarried, and childless, is established in the law pursuant to 12 O.S. 2011 §1053 and by art. 23 §7 of the Oklahoma Constitution. Therefore, the Legislative attempt to limit recovery for wrongful death pursuant to 85A O.S. Supp. 2014 §47 to a spouse, child or legal guardian dependent on the decedent is a nullity. The Okla. Const art. 23 §7 prohibits the abrogation of the right to recover for injuries resulting in death. The Legislature may limit the recovery, but may not eliminate the right to recover.

PETITION FOR CERTIORARI TO REVIEW CERTIFIED INTERLOCUTORY ORDER PREVIOUSLY GRANTED;
TRIAL COURT REVERSED AND CAUSE REMANDED.

Jack Zurawik, Micah Felton, Timothy P. Clancy, Tulsa, Oklahoma, for Plaintiff/Petitioner.
Don W. Danz, Rebecca S. Woodward, Tulsa, Oklahoma, for Defendants/Respondents.


KAUGER, J.:
¶1 The determinative issue on certiorari is whether a parent of an adult, unmarried, childless decedent killed in the course of employment may bring a wrongful death action in the district court. We hold that the right of a parent as the next of kin to bring a wrongful death action when the decedent is an adult, unmarried, and childless, is crystalized in the law pursuant to 12 O.S. 2011 §1053 and art. 23 §7 of the Oklahoma Constitution. Therefore, the Legislative attempt to deny recovery for wrongful death pursuant to 85A O.S. Supp. 2014 §47 to the mother of her unmarried childless son is unconstitutional. Her remedy lies in the District Court.
FACTS
¶2 The plaintiff/petitioner, Sharla Whipple (mother), lost her adult, twenty-three year old, unmarried, childless son, Taylor Ray Borth (Borth) in a work related accident on October 6, 2016. Borth was crushed to death by a gin pole truck operated during an oilfield mud pump unloading procedure. At the time of his death, the Workers' Compensation Act, 85A O.S. Supp. 2014 §47 only allowed wrongful death benefits to a spouse, child, or legal guardian, if the guardian was dependent on the employee.[1]
¶3 Therefore, the mother was forced to bring this action in the District Court. She alleged the wrongful death of her son, and that the employer "knew or should have known that the injury" to Bortch and that "the resulting death was substantially certain to occur." The employer filed a motion for summary judgment on May 29, 2019, arguing that the mother was attempting to avoid the workers compensation system. On July 25, 2019, the trial court granted summary judgment, in part, because it believed the mother's exclusive remedy was in the workers' compensation regime. The grant of summary judgment was in error because there is no provision for the mother to seek redress in the Workers Compensation system because of the statutory exclusion under 85A O.S. Supp. 2014 §47.[2]
¶4 On October 2, 2019, the trial court certified its ruling as a certified interlocutory appeal. On October 25, 2019, the trial court stayed all further proceedings until the appeal was resolved. The same day, the mother filed her appeal in this Court. We granted certiorari to review the certified interlocutory order on March 25, 2020, and the briefing cycle was completed on July 27, 2020.
THE RIGHT OF A PARENT AS NEXT OF KIN TO BRING A
WRONGFUL DEATH ACTION WHEN THE DECEDENT IS AN ADULT, UNMARRIED, AND CHILDLESS, IS ESTABLISHED PURSUANT TO 12
O.S. 2011 §1053 AND art. 23 §7 OF THE OKLAHOMA CONSTITUTION. THE LEGISLATIVE ATTEMPT TO DENY RECOVERY FOR WRONGFUL DEATH PURSUANT TO 85A O.S. Supp. 2014 §47 BY LIMITING IT TO A SPOUSE, CHILD, OR LEGAL GUARDIAN DEPENDENT ON THE DECEDENT IS UNCONSTITUTIONAL, LEAVING THE ONLY OPTION FOR RECOVERY IN THE DISTRICT COURT.
¶5 The employer argues that the Legislature has not abrogated the right of the mother to recover under the workers compensation provisions, but rather just limited any recoverable amount which is within its constitutional authority.[3] The mother argues that limiting an amount of recovery to nothing is the equivalent to abrogating her right to bring an action for recovery.
¶6 The Okla. Const. art. 23, §7 provides:
The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, provided however, that the Legislature may provide an amount of compensation under the Workers' Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive, and the Legislature may enact statutory limits on the amount recoverable in civil actions or claims against the state or any of its political subdivisions. (Emphasis supplied).
The history of this Constitutional provision is quite clear and well chronicled. In Riley v. Brown and Root, Inc., 1992 OK 114, 836 P.2d 1298, the Court discussed art. 23 §7 in the context of applying a statute of repose. The Court recognized that this section was originally taken nearly verbatim from the New York Constitution and that it was amended in 1950 to add the provision allowing for some wrongful death actions to be governed by the Workers' Compensation Act.
¶7 The Riley Court said that "Section 7 had the effect of freezing into our law the right of action for wrongful death as it existed when the Constitution was adopted." The provision was intended to "crystalize and embody in the fundamental law of the state -- the law of the land -- the entire statutory right of action with its incidents."
¶8 Statutorily, the rights of wrongful death actions are found at 12 O.S. 2011 §§1051-1055. Section 1053(A) currently provides:
A. When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his or her personal representative if he or she is also deceased, if the former might have maintained an action, had he or she lived, against the latter, or his or her representative, for an injury for the same act or omission. The action must be commenced within two (2) years.
In Riley, supra., the Court also discussed the history of §1053, noting:
¶10 At the time of the Constitution's adoption, Section 4313 Oklahoma Statutes of 1893, was the only statute allowing for an action for wrongful death. Capitol Steel and Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, 1137 (1952). With only slight modifications Section 4313 became the current 12 O.S. 1981 § 1053 . . . .
At early common law and before Lord Campbell's Act, an action for personal injuries abated with the death of the injured person; no action for wrongful death existed. Haws v. Luethje, 503 P.2d 871, 873 (Okla. 1972). Now, a cause of action for wrongful death "accrues to the personal representative of the decedent solely by virtue of the statute." Haws, at 873. The action for wrongful death is not a separate and distinct tort, but is an action which [836 P.2d 1301] derives from the rights of the decedent. Whatever rights the decedent might have had in his life accrue to the personal representative at death, thus overcoming the common law barrier of death.
¶11 It is this right - the right of action provided by Section 1053 - that the Oklahoma Constitution protects. The constitutional provision does not create a right of action; rather it buttresses the statute which does so. In other words, the constitutional provision protects the right of action for wrongful death as provided by the legislature in Section 1053.
¶12 Article 23, Section 7 is meant to guarantee the individuals protected under Section 1053 the right to bring an action for wrongful death. See Roberts, 386 P.2d at 783. Our Section 1053, a form of the widely adopted Lord Campbell's Act, does away with the common law idea that an action died when the person who had suffered the injury died. Instead, the wrongful death statute leaves intact the rights of the deceased to now be asserted by a personal representative. Death is no longer a barrier to the assertion of these rights. Article 23, Section 7 says the legislature can never again reimpose the death of the injured person as an obstacle to an action by his survivors. (Footnotes omitted).
¶9 In Capitol Steel and Iron Co. v. Fuller, 1952 OK 209, ¶14, 231 P.2d 681, the Court in discussing the 1950 amendment to art. 23 §7, which expressly provided for work-related wrongful death actions to be brought under workers compensation laws, said:
. . . The 1950 constitutional amendment did not authorize the Legislature to make a distinction in the applicability of any provision of the Workmen's Compensation Law based upon whether or not the injury resulted in death except as to the amount of recovery. Therefore, any provision contained in said House Bill No. 312 which makes such distinction is unconstitutional and void to that extent. For the same reason, any provision in said act which modifies the provisions of sections 1053 and 1054 of Title 12 O.S. 1941, except to `provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law,' is also void. . . .
In Hammons v. Muskogee Medical Center Authority, 1985 OK 22, ¶7, 697 P.2d 539 we said that art. 23 §7 "forbids elimination of the right to recover damages for injuries resulting in death." Hammons, supra, involved the issue of whether a provision of the then Political Subdivision Tort Claims Act, 55 O.S. Supp. 1979 §152, should apply retroactively.
¶10 In F.W. Woolworth Co., v. Todd, 1951 OK 36, ¶11, 231 P.2d 681, a case involving the validity of a release, we said regarding art. 23 §7, that the "words 'shall never be abrogated,' as there used, mean: Shall never be annulled or repealed by an authoritative act, that is, shall never be withdrawn or taken away by the authority which bestowed it, that is, the legislative act, or other legislative authority." What the Court expressed in Riley, Capital Steel, Hammons, Woolworth, supra, was far from novel. We have reiterated the history of the constitutional provision and its relationship to wrongful death actions many times over.[4]
¶11 Because the cause of action for wrongful death is purely statutory, suit may be brought only by a person expressly authorized by statute to do so.[5] Pursuant to 12 O.S. 2011 §1053, a decedent's representative may maintain an action against the tortfeasor, and if no personal representative has been appointed, the action may be brought by a surviving spouse or in their absence, next of kin.[6] The former Workers' Compensation Act was compatible with the wrongful death statutes. Prior to the 2014 overhaul of workers compensation, if there were no surviving spouse or children, each parent, brothers, sisters, grandparents and grandchildren, if dependent, could receive death benefits.[7] Where some pecuniary loss was shown by heirs at law, benefits were also recoverable.[8]
¶12 Now, parents, brothers, sisters, grandparents and grandchildren have been stricken and only financially dependent legal guardians, if there is no surviving spouse or children, are allowed any benefits. Recovery for pecuniary loss is no longer available.[9] We have had numerous cases in which the next of kin bringing a wrongful death action, was the parent of an adult, unmarried, childless decedent, just like the petitioner in this cause.[10] Such a construction abrogates the right of action to recover for damages resulting in death. The amount of damages may be limited, but they cannot be eliminated.
¶13 We recently, reiterated in Farley v. City of Claremore, 2020 OK 30, 465 P.3d 1213, a case involving a surviving spouse who brought a district court action after she received a workers compensation commission death benefits award. We said:
¶43 Our 1994 opinion in Ouellette v. State Farm Mut. Auto. Ins. Co., involved a legal action by parents based upon the death of their child. Their child had a surviving spouse and surviving children. We explained the wrongful death statutes provided a remedy for a surviving spouse and surviving children, and if neither of these (spouse and surviving children) existed, then those who possessed status as statutory next of kin could bring the wrongful death action.
. . . because wrongful death is not actionable absent a statute, the parents' quest for the damages they seek . . . must accord with the legislative wrongful-death recovery regime . . . A wrongful-death claim may be pressed only by persons authorized to bring it . . . if the decedent leave a surviving spouse and a child or children, the parents may not take as next of kin, . . they take as next of kin if the decedent leave neither issue nor a surviving spouse . . . .
Ouellette, 1994 OK 79, 918 P.2d at 1366-1367, material omitted.
In Ouellette we explained a wrongful-death claim may be brought by persons authorized by statute, e.g., the personal representative of the decedent and if none has been appointed, then by the widow, or where there is no widow, by the decedent's next of kin, with recovery inuring to the exclusive benefit of the surviving spouse and children, if any, or next of kin. . . .
¶46 The wrongful death cause of action pursuant to 12 O.S. §1053 created or authorized a survivable cause of death action with damages recovered by a surviving parent. Section 1053 defines the action as authorized when certain conditions are met including (1) wrongful death and (2) if the deceased has a judicially cognizable claim to maintain if living. . . .
¶48 Historically, the right to workers' compensation death benefits was statutorily created to be consistent with 12 O.S.§1053 and 84 O.S. §213 and the workers' compensation death benefits were treated as an exclusive statutory remedy substituted for the statutory wrongful death action guaranteed by an Oklahoma constitutional provision and approved by a vote of the People of Oklahoma.
¶14 Under the facts of this cause, the mother is left without any remedy in the District Court, unless she meets the very high burden of showing that she is also left without a remedy in the Workers' Compensation system because of the 2014 statutory changes. Constitutionally, she cannot be cut off from a remedy altogether. Accordingly, our only choice is to allow the mother to pursue her action for the wrongful death of her son in the District Court.
CONCLUSION
¶15 In 1950, art. 23 §7 transferred work-related wrongful death claims to the purview of the workers compensation laws.[11] However, the constitution contains a caveat that precludes the Legislature from ever abrogating the right to recover for wrongful death as it existed when art. 23 §7 was adopted.[12] The right of a parent as the next of kin to bring a wrongful death action when the decedent was an adult, unmarried, and without children is established in the law pursuant to 12 O.S. 2011 §1053[13] and art. 23 §7. The Legislative attempt to limit recovery for wrongful death pursuant to 85A O.S. Supp. 2014 §47 to a spouse, child or legal guardian dependent on the decedent is unconstitutional.[14]
¶16 This is an easy fix for the Legislature. All it needs to do to render 85A O.S. 2014 §47 enforceable and constitutional is to amend it to include the statutory heirs just as it did before the 2014 amendments. At this time to avoid the constitutional prohibition against abrogation of the right of action for death, is for this Mother is to bring her cause of action in the district court.
PETITION FOR CERTIORARI TO REVIEW CERTIFIED INTERLOCUTORY ORDER PREVIOUSLY GRANTED;
TRIAL COURT REVERSED AND CAUSE REMANDED.
GURICH, C.J., KAUGER, EDMONDSON, COLBERT, AND COMBS, JJ., concur.
WINCHESTER, KANE, and ROWE, JJ., dissent.
DARBY, V.C.J., not voting.

FOOTNOTES

[1] Title 85A O.S. Supp. 2014 §47 provides in pertinent part:
A. Time of death. If death does not result within one (1) year from the date of the accident or within the first three (3) years of the period for compensation payments fixed by the compensation judgment, a rebuttable presumption shall arise that the death did not result from the injury.
B. Common law spouse. A common law spouse shall not be entitled to benefits under this section unless he or she obtains an order from a court with competent jurisdiction ruling that a common law marriage existed between the decedent and the surviving spouse.
C. Beneficiaries - Amounts. If an injury or occupational illness causes death, weekly income benefits shall be payable as follows:
1. If there is a surviving spouse, a lump-sum payment of One Hundred Thousand Dollars ($100,000.00) and seventy percent (70%) of the lesser of the deceased employee's average weekly wage and the state average weekly wage. In addition to the benefits theretofore paid or due, two (2) years' indemnity benefit in one lump sum shall be payable to a surviving spouse upon remarriage;
2. If there is a surviving spouse and a child or children, a lump-sum payment of Twenty-five Thousand Dollars ($25,000.00) and fifteen percent (15%) of the lesser of the deceased employee's average weekly wage and the state average weekly wage to each child. If there are more than two children, each child shall receive a pro rata share of Fifty Thousand Dollars ($50,000.00) and thirty percent (30%) of the deceased employee's average weekly wage;
3. If there is a child or children and no surviving spouse, a lump-sum payment of Twenty-five Thousand Dollars ($25,000.00) and fifty percent (50%) of the lesser of the deceased employee's average weekly wage and the state average weekly wage to each child. If there are more than two children, each child shall receive a pro rata share of one hundred percent (100%) of the lesser of the deceased employee's average weekly wage and the state average weekly wage. With respect to the lump-sum payment, if there are more than six children, each child shall receive a pro rata share of One Hundred Fifty Thousand Dollars ($150,000.00);
4. If there is no surviving spouse or children, each legal guardian, if financially dependent on the employee at the time of death, shall receive twenty-five percent (25%) of the lesser of the deceased employee's average weekly wage and the state average weekly wage until the earlier of death, becoming eligible for social security, obtaining full-time employment, or five (5) years from the date benefits under this section begin; and
5. The employer shall pay the actual funeral expenses, not exceeding the sum of Ten Thousand Dollars ($10,000.00). . . .
The statute was amended in 2019, but relevant portions remain substantially unchanged.

[2] Title 85A O.S. Supp. 2014 §47, see note 1, supra.

[3] The employer also argues that the Court cannot procedurally consider a constitutional challenge to a statute because the Attorney General has not been notified pursuant to 12 O.S. Supp. 2016 §2024. It provides in pertinent part:
D. INTERVENTION BY STATE OF OKLAHOMA.
1. In any action, suit, or proceeding to which the State of Oklahoma or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of this state affecting the public interest is drawn into question, the court shall certify such fact to the Attorney General, and shall permit the State of Oklahoma to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State of Oklahoma shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.
2. Upon receipt of notice pursuant to paragraph 1 of this subsection or other actual notice that the constitutionality of any statute of this state affecting the public interest is drawn into question, the Attorney General shall immediately deliver a copy of the proceeding to the Speaker of the House of Representatives and the President Pro Tempore of the Senate who may intervene on behalf of their respective house of the Legislature and who shall be entitled to be heard. Intervention by the Speaker of the House of Representatives or President Pro Tempore of the Senate shall not constitute waiver of legislative immunity.
Regardless of whether the trial court expressly notified the Attorney General, according to the petitioner, the Attorney General has been served with notice of this cause on multiple occasions and they have the mailing and delivery documentation should the Court desire it. The Attorney General has not responded with a request for intervention. We have previously held that, without question, the Attorney General must be served. Okla. Tax Commission v Smith, 1980 OK 74, ¶15, 610 P.2d 794. However, sometimes, even when the trial court or the parties did not serve notice to the Attorney General, the notice is given by this Court when the appeal is filed. See, Kelley v. Kelley, 2007 OK 100, ¶6, 175 P.3d 400 and Oklahoma City Urban Renewal Authority v. Medical Technology Research Authority of Oklahoma, 2000 OK 23, ¶6, 4 P.3d 677. The appellate filings reflect that copies were sent to the Attorney General and thus, the Attorney General had the opportunity to participate. Accordingly, this argument is without merit.

[4] Riley v. Brown and Root, Inc., 1992 OK 114, ¶¶9-12, 836 P.2d 1298; Hughes Drilling Co. v. Crawford, 1985 OK 16, ¶¶4-8, 697 .2d 525; Parker v. National Zinc Co., 1965 OK 152, ¶17, 406 P.2D 493; Roberts v. Merrill, 1963 OK250, ¶¶8-17, 386 P.2d 780; Osmond v. Moody Construction Co., 1963 OK 171, ¶4, 409 P.2d 9; Capitol Steel and Iron Co. v. Fuller, 1952 OK 209, ¶¶4-13, 231 P.2d 681; F.W. Woolworth Co., v. Todd, 1951 OK 36, ¶¶10-13, 231 P.2d 681.

[5] Hamilton By and Through Hamilton v. Vaden, 1986 OK 36, ¶7, 721 P.2d 412; Abel v. Tisdale, 1980 OK 161, ¶8, 619 P.2d 608; Potter v. Pure Oil Co., 1938 OK 278, ¶20, 78 P.2d 694.

[6] Title 12 O.S. 2011 §1053, see page 7, supra. Title 12 O.S. 2011 §1054 provides:
In all cases where the residence of the party whose death has been caused as set forth in the preceding section of this article is at the time of his death in any other state or Territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in the said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased.
Title 12 O.S. 2011 §1051 provides:
In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same.

[7] Title 85 O.S. 2011 §337 provided in pertinent part:
A. If an injury or occupational disease causes death, weekly income benefits shall be payable in the amount and for the benefit of the persons following, subject to the maximum limits specified hereafter:
1. If there is a surviving spouse, to such surviving spouse who shall remain unmarried, seventy percent (70%) of the average weekly wages the deceased was earning. In no event shall this spousal weekly income benefit be diminished by the award to other beneficiaries. In addition to the benefits theretofore paid or due, two (2) years' indemnity benefit in one lump sum shall be payable to a surviving spouse upon remarriage;
2. If there is a surviving spouse and a child or children, fifteen percent (15%) of the average weekly wages the deceased was earning for each child. Where there are more than two such children, the income benefits payable for the benefit of all children shall be divided among all children, to share and share alike, subject to the maximum limits in subsection D of this section;
3. To the children, if there is no surviving spouse, fifty percent (50%) of the average weekly wages the deceased was earning for one child, and twenty percent (20%) of such wage for each additional child, divided among all children, to share and share alike, subject to the maximum limits in subsection D of this section;
4. The weekly income benefits payable for the benefit of any child under this section shall cease when the child dies, marries, or reaches the age of eighteen (18), unless the child is over eighteen (18) years of age and remains enrolled as a full-time student in high school or is being home-schooled in a high-school course approved by the Oklahoma Department of Education; or unless a child is over eighteen (18) years of age and is physically or mentally incapable of self-support; or unless the child is under the age of twenty three (23) and enrolled as a full-time student in any accredited institution of higher education or vocational or technology education;
5. If there is no surviving spouse or children, to each parent, if actually dependent, twenty-five percent (25%) of the average weekly wages the deceased was earning, subject to the maximum limits in subsection D of this section;
6. If there is no surviving spouse or children, to the brothers, sisters, grandparents and grandchildren, if actually dependent, twenty-five percent (25%) of the average weekly wages the deceased was earning to each such dependent. If there should be more than one of such dependents, the total income benefits payable for the benefit of such dependents shall be divided to share and share alike, subject to the maximum limits in subsection D of this section; . . .

[8] Title 85 O.S. 2011 §337 provided in pertinent part:
. . . E. Where some pecuniary loss may be shown by heirs-at-law of the deceased, as defined by the descent and distribution statutes of Oklahoma, who are otherwise not entitled to receive benefits under other provisions of this section, such heirs-at-law shall receive compensation for their pecuniary loss not to exceed an aggregate of Five Thousand Dollars ($5,000.00). . . .

[9] Title 85A O.S. Sup. 2014 §47, see note 1, supra.

[10] Rogers v. Worthan, 1970 OK 22, ¶2, 465 P.2d 431 [Decedent's mother recovered for wrongful death of adult, unmarried, childless son.]; Finefrock v. Rice, 1967 OK 61, ¶0, 426 P.2d 765 [Mother of deceased, adult, unmarried, childless son recovered wrongful death under workers compensation laws.]; Robberson Steel Company v. State Industrial Court, 1960 OK 163, 354 P.2d 11 [Parents of single, childless adult son recovered for wrongful death under workers compensation laws.] See also, West v. Board of County Commissioners of Pawnee County, 2011 OK 104, ¶0, 273 P.3d 31 [Father of unmarried, adult, mother of five brought wrongful death action.];Corvin v. State Industrial Court, 1965 OK 182, ¶2, 408 P.2d 322, [Father of deceased, unmarried, high school senor brought wrongful death action under workers compensation laws.]; H.L. Maness Truck Lines v. Lemmons, 1965 OK 181, 408 P.2d 288 [Parents of adult decedents were not allowed to bring wrongful death action under workers compensation laws only because the decedent's divorce had not been completed, thus leaving him a surviving spouse.]

[11] The Okla. Const. art. 23 §7, pages 2-3, supra.

[12] The Okla. Const. art. 23 §7, see pages 2-3, supra; Riley v. Brown and Root, Inc., see note 2, supra; Hughes Drilling Co. v. Crawford, see note 2, supra; Roberts v. Merrill, see note 2, supra; Osmond v. Moody Construction Co., see note 2, supra; Capitol Steel and Iron Co. v. Fuller, see note 2, supra; F.W. Woolworth Co., v. Todd, see note 2, supra.

[13] Title 12 O.S. 2011 §1053, see pages 3-4, supra; The Okla. Const. art. 23 §7, pages 2-3, supra.

[14] Title 85A O.S. Supp. 2014 §47, see note 1, supra.
 




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 
 1967 CO 136, 426 P.2d 765, 162 Colo. 403, Bradney v. People
Cited
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1986 OK 36, 721 P.2d 412, 57 OBJ 1553, Hamilton By and Through Hamilton v. Vaden
Discussed
 1992 OK 114, 836 P.2d 1298, 63 OBJ 2142, Riley v. Brown and Root, Inc.
Discussed at Length
 1938 OK 278, 78 P.2d 694, 182 Okla. 509, POTTER v. PURE OIL CO.
Discussed
 1994 OK 79, 918 P.2d 1363, 65 OBJ 2222, Ouellette v. State Farm Mut. Auto. Ins. Co.
Cited
 1952 OK 209, 245 P.2d 1134, 206 Okla 638, CAPITOL STEEL & IRON CO. v. FULLER
Discussed at Length
 1960 OK 163, 354 P.2d 211, ROBBERSON STEEL COMPANY v. STATE INDUSTRIAL COURT
Cited
 1963 OK 171, 384 P.2d 908, SUMPTER v. LAWTON COOPERATIVE ASSOCIATION
Cited
 1963 OK 250, 386 P.2d 780, ROBERTS v. MERRILL
Cited
 1965 OK 152, 406 P.2d 493, PARKER v. NATIONAL ZINC COMPANY
Discussed
 1965 OK 181, 408 P.2d 288, H.L. MANESS TRUCK LINES v. LEMMONS
Discussed
 1965 OK 182, 408 P.2d 322, CORVIN v. STATE INDUSTRIAL COURT
Discussed
 1965 OK 171, 409 P.2d 9, OSMOND v. PAUL R. MOODY CONSTRUCTION CO.
Cited
 1967 OK 61, 426 P.2d 675, FINEFROCK v. RICE
Cited
 1970 OK 22, 465 P.2d 431, ROGERS v. WORTHAN
Discussed
 1972 OK 146, 503 P.2d 871, HAWS v. LUETHJE
Cited
 2007 OK 100, 175 P.3d 400, KELLEY v. KELLEY
Discussed
 2011 OK 104, 273 P.3d 31, WEST v. BOARD OF COUNTY COMMISSIONERS OF PAWNEE COUNTY
Discussed
 1980 OK 74, 610 P.2d 794, Oklahoma Tax Commission v. Smith
Discussed
 1980 OK 161, 619 P.2d 608, Abel v. Tisdale
Discussed
 2020 OK 30, 465 P.3d 1213, FARLEY v. CITY OF CLAREMORE
Discussed
 2000 OK 23, 4 P.3d 677, 71 OBJ 929, Oklahoma City Urban Renewal Authority v. Medical Technology & Research Authority of Oklahoma
Discussed
 1951 OK 36, 231 P.2d 681, 204 Okla. 532, F. W. WOOLWORTH CO. v. TODD
Discussed at Length
 1985 OK 16, 697 P.2d 525, Hughes Drilling Co. v. Crawford
Cited
 1985 OK 22, 697 P.2d 539, Hammons v. Muskogee Medical Center Authority
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2024, Intervention
Cited
 12 O.S. 1051, Additional Causes of Action
Cited
 12 O.S. 1053, Wrongful Death - Limitation of Actions - Damages - Death of an Unborn Person
Discussed at Length
 12 O.S. 1054, Cause of Action Brought by Widow or Next of Kin
Cited
Title 84. Wills and Succession
 Cite
Name
Level

 84 O.S. 213, Intestacy - Descent and Distribution
Cited
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 337, Repealed
Discussed
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 47, Time of Death - Common Law Spouse - Beneficiaries
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA