Grace Nell BOSWELL, Plaintiff in Error,

v.

Earl NOLAN, Administrator of the Estate of Loyd O. Boswell, deceased, Defendant in Error.

No. 39169.

Supreme Court of Oklahoma.

Oct. 31, 1961.

Rehearing Denied Nov. 28, 1961.

Oden & Oden, Altus, Ryan Kerr, Altus, for plaintiff in error.

Clayton B. Pierce, Melvin F. Pierce, Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an appeal by Grace Nell Boswell (plaintiff below) from an order and judgment of the lower court in favor of Earl Nolan, Administrator of the Estate of Loyd O. Boswell, Deceased (defendant below), sustaining defendant's demurrer to plaintiff's petition and upon plaintiff electing not to amend, dismissing the action. The parties will be referred to as they appeared in the lower court.

Plaintiff is the widow of Loyd O. Boswell, deceased, and was the mother of two infant daughters, ages two years seven months and one year nine months, at the time of their deaths. Plaintiff's petition contains two causes of action wherein she alleges that she is entitled to the services and earnings of said children during their minority from the date of their deaths until they reach majority and seeks to recover for loss of their services for such period.

The allegations in the two causes of action are the same except as to names of the children, ages and amounts of requested recovery and allege the following pertinent additional facts as grounds for relief: That plaintiff was the surviving mother and sole heir of the deceased minor children; that on January 8, 1958, their father, Loyd O. Boswell (the above decedent), took said children for an automobile ride when they were without capacity to object or consent because of their tender years, and in violation of his duty to said children did drive in certain described particulars in a negligent and reckless manner, which was alleged to be gross negligence and wanton recklessness; as a result whereof the automobile plunged into a water reservoir and all three occupants were injured and drowned. It was further alleged that the acts of Loyd O. Boswell amounted in legal effect to a rejection and abandonment of said children whereby their custody and services were transferred to the plaintiff.

It is pointed out that plaintiff's theory of her right to relief is not based on the provisions of the Wrongful Death Act, 12 O.S.1951 §§ 1053, 1054. Any discussion of the right of plaintiff to recover under those statutes would not be pertinent to the issues presented by the petition.

Plaintiff relies on the provisions of 10 O.S.1951 § 5, and urges the allegations of her petition, together with all reasonable inferences therefrom, state a cause of action in her favor. Section 5 is as follows:

"The father of a legitimate unmarried minor child is entitled to its custody, services and earnings; but he cannot transfer such custody or services to any other person, except the mother, without her written consent, unless she has deserted him, or is living separate from him by agreement. If the father be dead, or be unable, or refuse to take the custody, or has aban-

doned his family, the mother is entitled thereto."

As a necessary adjunct thereto plaintiff contends that her cause of action survived the death of her minor children. Defendant contends to the contrary, that assuming the father's alleged acts were sufficient to transfer to plaintiff the right to the services of the children, still plaintiff has no cause of action for loss of anticipated services from the time of their deaths. A determination of these opposing contentions adverse to plaintiff makes it unnecessary to pass upon other propositions presented by plaintiff's appeal.

■ The plaintiff asks recovery for loss of anticipated services from time of death and the applicable law is the same as governs in cases of instantaneous death. In 39 Am.Jur., Parent and Child, Sec. 76, p. 720, in discussing the right of a parent to recover for loss of a child's services, it is stated:

"* * * If death is instantaneous, however, the parent has no cause of action at common law, since the law does not permit recovery of damages for loss of services from the time of death. The only remedy available under such circumstances is the statutory action for wrongful death."

See also 16 Am.Jur., Death, Sec. 45, p. 36.

■ This court has had occasion to pass on this proposition and has determined it adversely to plaintiff's contention. In Potter v. Pure Oil Co., 182 Okl. 509, 78 P.2d 694, 696, the parents instituted an action for wrongful death of their 9 year old child by drowning. The damages sought included loss of services. The plaintiffs asserted the action was not in fact an action for wrongful death but was for loss of services of the child from his death until he would have reached his majority. There, as here, the plaintiffs cited 10 O.S.1951 § 5, relative to entitlement to custody, services and earnings. Therein we cited City of Eureka v. Merrifield, 53 Kan. 794, 37 P. 113, 115, and other authority for the proposition that,

by the common law, no civil action lies for an injury which results in death, and stated:

"In City of Eureka v. Merrifield, supra, it is said: 'It is suggested that the action was brought to recover for the damages the parents sustained by reason of the loss of anticipated services that might have been rendered to them by the deceased up to his majority, and, therefore, that this action is maintainable by them. At common law this action could not be maintained.'

"There being no right of action at common law, it follows that there can be no cause of action unless the right be given by statute. In the case of McCarthy v. [Chicago, R. I. & P.] R. R. Co., 18 Kan. 46, 26 Am.Rep. 742, it is said: 'The right of the action under sections 422 (the same as our section 570, O.S.1931, 12 Okl.St.Ann. § 1053) is exclusive.'

"There is, as stated, authority for holding that a parent may under our statute recover for services of his child, or loss thereof, while living. But we are cited to no case which holds that there is a right of action given by statute where the loss of such services is brought about by the death of a minor child caused by the wrongful act of another, other than by sections 570, 571, O.S.1931, 12 Okl.St.Ann. §§ 1053, 1054."

Plaintiff cites numerous decisions of this court as supporting her contention. We have examined these decisions and with several exceptions, hereinafter mentioned, they all reflect that they were actions for damages for wrongful death. (12 O.S. 1951 §§ 1053, 1054) They are therefore not applicable. City of Altus v. Millikin, 98 Okl. 1, 223 P. 851, appears to be a wrongful death action. In any event the present proposition was not raised and passed on there and furnishes no support for plaintiff's contention. Revel v. Pruitt, 42 Okl. 696, 142 P. 1019, was an action by the in-

jured minor by his father and next friend. Loss through death was not involved and the case is not in point.

Plaintiff places great reliance upon the decision in Cowgill v. Boock, 189 Or. 282, 218 P.2d 445, 19 A.L.R.2d 405. Here again the action was for wrongful death and is of no aid to plaintiff on the question determinative of this appeal.

Affirmed.