James Eldon WALLACE and Martha H. Wallace, Petitioners,

v.

STATE INDUSTRIAL COURT of the State of Oklahoma, Robinson Brothers Drug Company and American Surety Company, Respondents.

No. 40982.

Supreme Court of Oklahoma.

Sept. 14, 1965.

Granville Tomerlin, Jack High, Oklahoma City, for petitioners.

Lawrence E. Hoecker, Pierce, Mock, Duncan, Couch & Hendrickson, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

JACKSON, Vice Chief Justice.

This is an original proceeding to review an order of the State Industrial Court denying an award of compensation under the death benefit provisions of the Workmen's Compensation Act. Claimants, James Eldon Wallace and Martha H. Wallace, were the parents of Ronald Steven H. Wallace, age 16½ years and unemancipated, who was killed in an automobile accident while working as a delivery boy for the Robinson Brothers Drug Company.

The only issue raised in the Industrial Court, and here, is whether claimants were "dependents" as that term is defined by the law of Oklahoma.

The finding of the trial judge, and the finding of the court en banc, significantly illustrate the problem which is presented to this court for review. The trial judge found:

"* * * that the said James Eldon Wallace and Martha H. Wallace have *suffered a pecuniary loss* by reason of the death of Ronald Steven H. Wallace." (Emphasis supplied.)

On appeal the Court en banc found:

"* * * claimants' claim for compensation (is) denied, for the reason that *claimants were not dependent upon deceased,* within the terms and meaning of the Workmen's Compensa-

tion Law of Oklahoma." (Emphasis supplied.)

The trial judge having found that *claimants suffered a pecuniary loss* entered an award for $13,500.00. The Court en banc having found that *claimants were not dependent upon deceased* vacated the award. These findings pose the question for our consideration. Are claimants entitled to an award if they prove they have suffered a pecuniary loss by reason of the death of their son; or must they prove that they were dependent upon their son for support?

It is to be noted that 85 O.S.1961, § 3.1(1), originally enacted in 1951 to implement Art. 23, Sec. 7, Oklahoma Constitution as amended in 1950, provides:

"In respect to death benefits under this Act, the following definitions shall apply:

"(1) The term 'Dependent' or 'Dependents,' as used in this Act, shall mean and include the heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma."

The quoted definition of "dependent" or "dependents" is the only definition of dependent or dependents that is to be found in the Workmen's Compensation Act.

In 85 O.S.1961, § 22(7) it is provided in part:

"7. If the injury caused death * * * compensation shall be payable in the amount of Thirteen Thousand Five Hundred Dollars ($13,500.00) and to the dependents of deceased employee *as defined herein.*" (Emphasis supplied.)

In one of the first opinions construing death benefit provisions of the Workmen's Compensation Act promulgated by this Court, Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, the author of the opinion very carefully considered the meaning and import of Art. 23, Sec. 7, prior to and after its amendment in 1950; Section 2, Schedule, Constitution of Okla-

homa; and 12 O.S.1961, §§ 1053 and 1054. In the body of the opinion it was said:

"* * * any provision in said act (Workmen's Compensation Act) which modifies the provisions of sections 1053 and 1054 of Title 12 O.S.1941, except to 'provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law,' is also void."

In the body of the opinion it was pointed out that under 12 O.S.1961, § 1053, damages recoverable for death "must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin" and that the "amount recoverable is measured by the *pecuniary loss* each sustains by reason of the death." Therefore, we held that an adult child of a deceased father who sustained no pecuniary loss by reason of the death of his father would have no cause of action and could not participate in an award to his father's dependents. We further said the parties entitled to participate in an award by the Industrial Court are the same as those entitled to participate in wrongful death actions under Secs. 1053 and 1054, supra.

In Robberson Steel Company v. State Industrial Court, Okl., 354 P.2d 211, 214, we said:

"The purpose of this legislation (85 O.S.1951 §§ 3.1(1) and 22, subd. 7) was to provide a substituted remedy for the Wrongful Death Statute insofar as causes of action arise from death of workmen employed in hazardous occupations. The quantum of evidence necessary to establish a pecuniary loss to a parent for the death of a minor unmarried child under the Wrongful Death Statute, 12 O.S.1951 §§ 1053, 1054, is deemed equally sufficient to support the right of a parent to recover as a dependent heir under the Death Benefit Provisions of the Workmen's Compensation Law. Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134; Pawhuska Feed Mills v.

Hill, Okl., 289 P.2d 671; Oklahoma State Highway Department v. Peters, Okl., 291 P.2d 825; Oklahoma State Highway Department v. Nash, Okl., 297 P.2d 412, and G. I. Construction Co. v. Osborn [208 Okl. 554, 257 P.2d 1056], supra." (emphasis supplied)

In Roberts v. Merrill, Okl., 386 P.2d 780, this court again very carefully considered the basic legal authorization for recovery of death benefits under the Workmen's Compensation Act. At page 783 of the opinion we said:

"Any right of recovery for death, whether it be by an action at law for wrongful death or by a claim for death benefits under the Workmen's Compensation Act, exists by reason of the provisions of 12 O.S.1961 § 1053. In *all* instances where an injured person may pursue a claim to recover compensation for an accidental injury, the persons authorized by 12 O.S.1961 § 1054, may, if death is asserted to result from that injury, pursue a remedy to recover death benefits."

 Under the Wrongful Death Statute, 12 O.S.1961, §§ 1053 and 1054, the damages inure to the benefit of the surviving spouse and children, if any, or next of kin. We have construed Section 1053 to mean that an heir or next of kin must suffer a pecuniary loss in order to have a cause of action. The cause of action thereunder is not based upon "dependency upon deceased", but upon a pecuniary loss to the heirs or next of kin by reason of the death of deceased. Art. 23, Sec. 7, Okla.Const., prior to the amendment simply insured that a forum would be available to persons asserting a cause of action for wrongful death, and made it impossible for the Legislature to place a limit upon the amount recoverable. The amendment of Section 7 authorized the Legislature to limit the amount recoverable for death in compensation cases and authorized the Legislature to confer jurisdiction upon the Industrial Court to determine whether the heirs have sustained a pecuniary loss.

In some of our later decisions we lost sight of our holding in Capitol Steel & Iron Co. v. Fuller, supra, and concluded that it was necessary for a claimant in a Workmen's Compensation case to prove that he was at least partially dependent upon deceased, as distinguished from having suffered a pecuniary loss, before he could recover. Cimarron Telephone Co. v. Nance, 208 Okl. 622, 255 P.2d 931.

In Fox-Vliet Wholesale Drug Company v. Chase, Okl., 288 P.2d 391, we held that death benefits were available only to heirs "who are presently, or in reasonable future expectancy, relying on the said employee in whole or in part for necessary support and maintenance." There was testimony in that case that claimant suffered a pecuniary loss but did not show that claimant in reason and in good morals was dependent upon decedent for support. We erred in that case and our decision therein must be, and is, overruled, insofar as it is in conflict with the rule of law here announced. The question in that case, however, would remain as to whether under the facts the plaintiff suffered a pecuniary loss.

The evidence in the instant case shows deceased was a talented musician and had a future in that field; he was an exceptionally fine student; he was industrious and was constantly employed after school hours in various employments such as baby sitting, yard work, amusement park employee, and occasionally earned $10.00 or $20.00 playing in an orchestra. He was also very useful at home helping with substantial and valuable improvements to the home. He made frequent cash contributions to his father and mother and to other members in the family. While these were not substantial they do appear to be frequent.

Deceased's father was earning a living for his family, but his testimony was that his son's contribution in services and labor, together with cash and material contributions to himself and his wife, were of a substantial benefit.

Claimants assert that the evidence in this case conclusively shows that they have suf-

fered a pecuniary loss because the proof is undisputed that they (1) incurred financial liability for medical, hospital and funeral expenses resulting from the death of their deceased son; (2) that they lost their son's personal services and earnings subsequent to his death which belonged to them as a matter of statutory law; and (3) that their son, after majority, would in all reasonable probability have made substantial contributions to their support.

It is quite obvious from the testimony in this case that claimants have suffered *pecuniary* damages. However, *pecuniary damages* and *pecuniary loss* are not synonymous.

Keeping in mind that the quantum of evidence necessary to establish a *pecuniary loss* to a parent for the death of a minor child under the wrongful death statute is also required to support the right of a parent to recover as a dependent heir under the death benefit provisions of the Workmen's Compensation Law, we must look to wrongful death cases for the law in this case.

In City of Altus v. Millikin, 98 Okl. 1, 223 P. 851, we approved an instruction in an action for wrongful death of a thirteen year old son wherein the jury was told:

"You are instructed that the parents are entitled to the services and earnings of their children until they reach their majority. In arriving at the net amount of such earnings, you will ascertain what such earnings or services were reasonably worth or would amount to, and from this sum you will deduct reasonable charges and upkeep of said child, such as food, clothing, medical expenses, and schooling, etc. Should your verdict in this case be in favor of the plaintiffs, the amount of your verdict should be the actual pecuniary loss which plaintiffs have sustained on account of the death of their son, which will be the value of his services or earnings until he should have reached his majority, less the expenses of his said upkeep as given you above, with the reasonable and necessary med-

ical and burial expenses, not to exceed the sum of $15 for medical services, $235 for burial expenses, and $5,567 for services and earnings, being the several amounts claimed in their petition."

In the body of the opinion in Lakeview, Inc. v. Davidson, 166 Okl. 171, 26 P.2d 760, we said:

"* * * While it is to be remembered in this state that damages for wrongful death are strictly compensatory as distinguished from punitive, *yet the law presumes a pecuniary loss to a parent from the death of a child.*" (Emphasis supplied)

\* \* \* \* \* \*

\* \* \* \* \* \*

"* * * The law at least *presumes nominal damages* in the loss of life of a dependent child. It is further contended that error occurred for failure to specifically direct deductions on account of expenses for education and maintenance of the child. The words *'actual pecuniary loss' as used in the instruction contemplate such deductions.*" (Emphasis supplied.)

It is apparent that we were careless in our terminology in the Lakeview case. We doubt that it is correct to say that "the *law* presumes nominal damages", although the courts undoubtedly may take judicial knowledge that pecuniary damages are sustained by the wrongful death of a healthy minor child. However, if the cost of food, clothing, medical expenses, and schooling, are supplied by the parents these items of expense must be considered before it can be determined that the parents have sustained a *pecuniary loss*. Thus it takes proof to establish a pecuniary loss to the parents, and *pecuniary loss* may not be presumed as a matter of law.

In Fike v. Peters, 175 Okl. 334, 52 P.2d 700, the jury was told in a wrongful death action to determine the value of their minor daughter's earnings and services and to deduct therefrom "the reasonable charges and up-keep of said child, such as food, clothing, medical expenses, schooling, etc. and

the value of the parents' services while rearing said child." We approved the instruction. See also 25 C.J.S. Death § 101, at page 1248; 16 Am.Jur., Death, § 220.

Lakeview, Inc. v. Davidson, supra, and Stevens v. Schickendanz, Okl., 316 P.2d 1111, insofar as they indicate "yet the law presumes a *pecuniary loss* to a parent from the death of a child", are erroneous.

In Atchison, Topeka & Santa Fe Ry. Co. v. Messmore, Okl., 339 P.2d 779, we said that the "true measure" of a widow's loss from the wrongful death of her husband is that part of his income that he had customarily contributed to her wants and needs, and reversed the trial court because there was no evidence of such fact.

The record in this case conclusively demonstrates that claimants have suffered *pecuniary damages* in the death of their son. The evidence shows that he was an intelligent son and made substantial contributions in services to his parents; and it may be that he would have made contributions to his parents after reaching majority. The court en banc vacated the trial judge's order "for the reason that claimants were not dependent upon deceased, within the terms and meaning of the Workmen's Compensation Law of Oklahoma." The order does not reflect whether they found that claimants suffered no *pecuniary loss,* and the record does not disclose what probable expense claimants would have been put to for food, clothing, and education during the period of their son's minority if he had lived.

It has been observed in numerous decisions of this court in wrongful death actions that from the very nature of a child's services to its parents during minority it is impossible to determine definitely in dollars and cents just what such services are worth. For this reason we have approved instructions in wrongful death actions where the jury was told that in determining the value of a child's services they may take into consideration their knowledge and experience of the nature and kind of services a child generally renders and the probable value thereof to their parents.

Fike v. Peters, supra. It is equally true that the cost of food, clothing, and education of a child cannot be proved with absolute certainty, and the triers of fact are authorized to make use of their knowledge and experience in determining these costs where the evidence in this regard is not conclusive.

From the four corners of the order under review it appears that the Industrial Court required proof that claimants were "dependent" upon deceased. This was error. Under Oklahoma law claimants are required to prove that they are heirs (85 O.S.1961, § 3.1(1), and have suffered a *pecuniary* loss as in wrongful death actions under 12 O.S. 1961, §§ 1053 and 1054. The amount of the pecuniary loss is not of great significance in death benefit claims under the Workmen's Compensation Law, but there must be a pecuniary loss.

The order of the Industrial Court is vacated for further proceedings.

DAVISON, IRWIN, HODGES and LAVENDER, JJ., concur.

HALLEY, C. J., and BLACKBIRD and BERRY, JJ., dissent.