F. H. REYNOLDS, Administrator, Petitioner,

v.

The STATE INDUSTRIAL COURT, Campus Cleaners, and Hartford Accident and Indemnity Company, Respondents.

No. 41212.

Supreme Court of Oklahoma.

Dec. 7, 1965.

James M. Springer, Jr., Stillwater, for petitioner.

Fenton, Fenton, Smith & McCaleb, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

LAVENDER, Justice.

This is an original proceeding by F. H. Reynolds, administrator of the estate of Stella Reynolds, deceased, for review of an order of the State Industrial Court denying his claim for compensation under the death benefit provisions of the Workmen's Compensation Act. The claim was against Campus Cleaners, employer, and its insurance carrier, Hartford Accident and Indemnity Company. Administrator will be hereinafter referred to as claimant. Employer and carrier will be referred to as respondents.

The only issue submitted to the lower court for its determination was that of "dependent heirs" of deceased as that term is defined by Oklahoma Law.

The record discloses that deceased was employed, part time, as a seamstress and delivery woman for Campus Cleaners. Her income was between sixty and sixty-five dollars per month. On August 20, 1963, while delivering clothes, she was killed in an automobile accident.

Claimant testified he was the surviving husband of deceased; that he was seventy years of age; that he was retired; that his income consisted of his retirement benefits in the sum of $126.51 per month, $88.00 social security benefits and $20.00 per month from trailer house rentals; that deceased bought groceries, paid for repairs to the home, paid off a $500.00 mortgage on the home, paid the taxes on it, paid for maintenance on his car, and did household duties; that he depended upon her contributions "as support" for himself.

The trial judge found that "claimant was not a dependent heir coming within the meaning of the Workmen's Compensation Law of the State of Oklahoma" and denied the claim. The order was affirmed on appeal by the court en banc.

For vacation of the lower court's order, claimant advances but one proposition, that is, that claimant was partially dependent on deceased for support and therefore entitled to an award.

In Wallace et al. v. State Industrial Court et al., Okl., 406 P.2d 488, we held that under the death benefit provisions of the Workmen's Compensation Act, recovery can be had for the death of any employee by a claimant-heir who has suffered a pecuniary loss thereby, and dependency upon deceased in whole or in part is not required.

In reversing the lower court in said case and remanding the cause for further proceedings, we said:

"From the four corners of the order under review it appears that the Industrial Court required proof that claimants were 'dependent' upon deceased. This was error. Under Oklahoma Law claimants are required to prove that they are heirs (85 O.S.1961 § 3.1(1), and have suffered a *pecuniary* loss as in wrongful death actions under 12 O.S. 1961, §§ 1053 and 1054. The amount of the pecuniary loss is not of great significance in death benefit claims under the Workmen's Compensation Law, but there must be a pecuniary loss."

The order of the Industrial Court in this case is therefore vacated and the cause remanded for further proceedings not inconsistent with these views.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.