Paul D. FINEFROCK, d/b/a Paksan Roosevelt Materials Company, and Argonaut Insurance Company, Petitioners,

v.

Kenneth RICE, Administrator of the Estate of Manuel Rice, and the State Industrial Court, Respondents.

In the Matter of the Death of Manuel Rice.

No. 41916.

Supreme Court of Oklahoma.

Feb. 28, 1967.

Rehearing Denied April 11, 1967.

Childers & Keller, Oklahoma City, for petitioners.

Finis C. Gillespie, of Tolbert & Gillespie, Hobart, Robert E. Shelton, of Savage, Gibson, Benefield & Shelton, Oklahoma City, Charles Nesbitt, Atty. Gen., for respondents.

LAVENDER, Justice.

This is an original proceeding to review an award entered by the State Industrial Court in favor of the claimant under the death benefit provisions of the Oklahoma Workmen's Compensation Act (85 O.S. 1961, § 22(7)). Parties will be referred to as they appeared before the Industrial Court.

Claimant, as administrator of the estate of Manuel Rice, prosecutes this action to recover the death benefits for the next of kin of said decedent.

The findings of the Industrial Court that Manuel Rice, deceased, sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the petitioner, Paul D. Finefrock, on March 11, 1965, and that as a result of such injuries said Manuel Rice died on March 19, 1965, are not seriously challenged and are amply supported by the evidence. On March 11, 1965, the said decedent was either thrown from the dump truck, which he was operating, or jumped from it sustaining head injuries which proved fatal.

The trial judge denied an award; however, on appeal to the Industrial Court en banc such order was vacated and an award of the $13,500.00 benefits payable upon death of an employee, as provided in the Workmen's Compensation Act, was entered in favor of the claimant. This action is to vacate that award and to deny compensation.

Petitioner urges the following proposition for reversal:

"Proposition I. Deceased's mother, Mary Belle Rice, did not suffer a pecuniary loss as a result of deceased's death, therefore, the administrator's claim for death benefits under the Workmen's Compensation Act should be denied."

Title 85 O.S. 1961, § 3.1 provides:

"Definitions applicable to death benefits. In respect to death benefits under this Act, the following definitions shall apply:

"(1) The term "Dependent" or "Dependents," as used in this Act, shall mean and include the heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma.

\* \* \* \* \* \*"

Prior to the decision of this court in Wallace v. State Industrial Court, Okl., 406 P.

2d 488, the above statute was interpreted as follows:

"* * * The statute only expresses the limitation that the term 'dependent' as used in the Act, 'shall mean and include the heirs at law of the deceased' employee, that is, that one must be a dependent and also must be an heir at law." Fox-Vliet Wholesale Drug Company v. Chase, Okl., 288 P.2d 391.

In Wallace, the Fox-Vliet case was specifically overruled, and the following rule of interpretation of the cited statute adopted:

"Under the death benefit provisions of the Workmen's Compensation Act, recovery can be had for death of any employee by a claimant-heir who has suffered a pecuniary loss thereby, and dependency upon deceased in whole or in part is not required."

Since the Wallace case we have, when the opportunity has been presented, reaffirmed our holding therein. See Corvin v. State Industrial Court, Okl., 408 P.2d 322 (1965); Reynolds v. State Industrial Court, Okl., 408 P.2d 780 (1965) and Osmond v. Paul R. Moody Construction Co., Okl., 409 P.2d 9 (1965).

In the body of the opinion in the Wallace case, 406 P.2d page 491, we said:

"* * * We have construed Section 1053 [12 O.S.1961 § 1053—the Wrongful Death Statute] to mean that an heir or next of kin must suffer a pecuniary loss in order to have a cause of action. The cause of action thereunder is not based upon 'dependency upon deceased', but upon a pecuniary loss to the heirs or next of kin by reason of the death of deceased. * * *"

Under the above rules then we find that each case must be considered upon its own factual basis, and we perceive the rule to be that the question of whether a claimant suffered a pecuniary loss as a result of the death of an employee covered by the Workmen's Compensation Act is for the trier of the facts, and where a finding upon such issue is reasonably supported by competent evidence the same will not be disturbed on review.

Considering the contention of petitioner that the finding of the State Industrial Court that decedent's mother and his sole heir did not suffer a pecuniary loss as a result of the death of her son, we now turn to the evidence as reflected by the record.

Manuel Rice, the decedent, never married but lived at home all his life with the exception of a short period in the military service. He was thirty-nine years old at the time of his death. He was one of two children—both boys. His brother Kenneth, who testified in the case, is married and testified that he lives about four miles away from his mother's home. Manuel's father died in 1960. After the death of Mr. Rice, Manuel's mother, Mary Belle Rice, purchased a farm and erected a house thereon in which she and Manuel resided. Manuel farmed his mother's place and cared for the livestock. His mother (for whose benefit this action was brought) received all of the income from the farm and from the sale of livestock. She paid no wages to Manuel, and it was quite evident from the record that although she owned the farm and the cattle that Manuel, by his services, (his brother helped some) was furnishing his mother a living. In addition to these services, Manuel drove his mother to town to the doctor and was nearly continuously available to help her in other ways if she needed him. Petitioner's attorney in questioning the mother on the occasion of her giving a deposition asked the following question and received the following answer:

"Q. In other words he (the decedent) made his living farming as well as making your living farming?

"A. Yes."

Further, it appears the decedent's mother suffered somewhat from bad health. She testified she saw the doctor occasionally and was taking medicine for high blood pressure; that she was sixty-two years of age. That she did not drive off the place,

and it was necessary for the decedent to drive her to the doctor. There was some evidence as to the monetary value of the services performed by the decedent for his mother. It was also shown that the probabilities were Manuel would have continued living at home and performing these services for his mother had he not been killed.

■ Petitioner contends that the fact the mother was receiving a rather nice income from the farm (largely, it seems, due to the efforts of Manuel) and had a substantial bank account and was the owner of certain valuable real and personal property that she would not "need" support from the deceased in the future. We agree that the economic condition of the mother is a factor to be considered in determining whether she sustained a pecuniary loss upon the death of her son, but such is not decisive on the question. Stubblefield v. Sebastian, Okl., 340 P.2d 265, and G. I. Construction Company v. Osborn, 208 Okl. 554, 257 P.2d 1056, 1057.

We feel that the foregoing is true especially where, as here, it is not unreasonable that it has been at least partly because of the services of her son that she has been able to retain the property she now owns. Neither are we impressed with the petitioner's attempt to offset the value of the above described services of the son for his mother with the latter's "service" for her son in fixing meals, keeping the house, doing the laundry, etc. for both of them.

In Kaw Boiler Works v. Frymyer, 100 Okl. 81, 227 P. 453, we held:

"In an action by the father for the wrongful death of his adult son, the measure of damages is the pecuniary loss suffered by the plaintiff. The loss is determined by the sums of money and the acts and services of a pecuniary value which the son would likely have con-tributed to the aid and support of the parent during the lifetime of the latter except for the wrongful death. In arriving at the loss, the physical condition, the age, and financial condition of the plaintiff should be taken into consideration."

■ Because there is no legal liability upon an adult child to furnish support or services of a pecuniary value to his parents, the latter must establish in an action wherein pecuniary loss is claimed upon the death of such adult child that said parent had a reasonable expectation of receiving such pecuniary support but for the death of such child. Kaw Boiler Works v. Frymyer, supra; Venable v. Burton, Okl., 363 P.2d 224; Parkhill Trucking Co. et al. v. Hopper, 208 Okl. 429, 256 P.2d 810.

■ We believe under the circumstances herein that Mary Belle Rice reasonably could have anticipated that had Manuel lived he would have continued to perform the services for her he had performed up to the time of his death.

■ Petitioner's second proposition which is to the effect that the rule of the Wallace case was not the law at the time of the accident and therefore not controlling here and that the old rule exemplified in Fox-Vliet Wholesale Drug Co. v. Chase, supra, applies is, we believe, without merit. Upon being specifically overruled, Fox-Vliet ceased to be the applicable substantive law of this state not only as to future actions but also as to existing actions pending but not decided.

Award sustained.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES and McINERNEY, JJ., concur.