**Wilda RIOS, Individually and as next of kin of Raymond Rios, deceased, Appellant,**

v.

**NICOR DRILLING COMPANY, and Geosource, Inc., Appellees.**

**No. 58110.**

Supreme Court of Oklahoma.

June 28, 1983.

Niece & Israel by Stanley Ell Niece, Elk City and Linda G. Alexander, Oklahoma City, for appellant.

Looney, Nichols, Johnson & Hayes by Robert D. Looney, Jr., Oklahoma City, for appellee, Nicor Drilling Co.

HODGES, Justice.

The questions presented on appeal are whether the exclusive remedy provision of the Workers' Compensation Act is applicable if the employer acts in a dual capacity; whether the Workers' Compensation Act abrogates the statute action for wrongful death provided by 12 O.S.1981 § 1053; and if the wife's cause of action for loss of consortium can be eliminated because of her husband's employment.

Raymond Rios was assisting in the "rigging down" of a rig supplied by Nicor Drilling Company when he fell twenty-five feet to his death. It is alleged that Nicor Drilling used component parts obtained from Geosource, Inc., along with component parts which they manufactured, to make the rig. The defective rig floor and the rig were designed by Nicor Drilling. At the time of his death, the decedent was employed by Nicor Drilling and acting within the course of his employment. Wilda Rios, the decedent's wife, instituted an action in the district court based on a manufacturer's products liability claim and loss of consortium. The trial court sustained a demurrer by Nicor Drilling on the ground that the causes of action were barred by the exclusivity provisions of the Workers' Compensation Act.

I

The wife argues that this Court should adopt the doctrine of dual-capacity;

and find Nicor Drilling liable in its capacity as a manufacturer of a defective product. This argument was rebuffed in *Weber v. Armco,* 54 OBJ 1267 (May 10, 1983) 663 P.2d 1221 (Okla.1983). We said:

> "We reject application of the dual-capacity doctrine to impose liability upon an employer-manufacturer.... Application of the dual-capacity doctrine requires that the second persona of the employer be completely independent from his obligations as an employer. If the employer is also the manufacturer of the product which caused the employee's injury, the two personas of manufacturer and employer are interrelated. An employer has a duty to provide a safe workplace for his employees.[1] If an employer provides an employee with a defective machine or tool to use in his work, he has breached his duty as a manufacturer to make safe machinery; and his duty as an employer to provide a safe working environment. Yet the two duties are so inextricably wound that they cannot be logically separated into two distinct legal personas."[2]

The wife cannot assert a manufacturer's products liability claim against Nicor Drilling for the work-related death of her husband. She is limited to the exclusive remedy provided by the Workers' Compensation Act.[3]

## II

We also reject the wife asserts that a cause of action for loss of consortium cannot be eliminated by reason of the husband's employment. We do not agree. In *Lunow v. Fairchance Lumber Company,* 389 F.2d 212, 214 (10th Cir.1968), the wife of an injured worker tried to maintain a loss of consortium action against the employer. The Tenth Circuit Court of Appeals upheld the exclusivity provision of the Oklahoma Workers' Compensation Act, and affirmed the district court's dismissal of the action. The court held that the liability imposed by the Act was exclusive of all common-law liability to either the husband or wife; and that a statutory interpretation obviated the necessity for deciding a constitutional issue.[4] We agree with the *Lunow* rationale.

## III

We also reject the wife's argument that 85 O.S.1981 § 22[5] abrogates the cause of action for wrongful death and, therefore, violates the Okla.Const. art. 23, § 7,[6] because of the following reasons.

## A

Title 12 O.S.1981 § 1053[7] permits recovery of damages for wrongful death which

---

1. *Billy v. Consolidated Mach. Tool Corp.,* 51 N.Y.2d 152, 412 N.E.2d 934, 939, 432 N.Y.S.2d 879 (1980).

2. Id.

3. 85 O.S.Supp.1982 § 12 provides in part:
   "The liability prescribed in Section 11 of this title shall be exclusive and in place of all other liability of the employer and any of his employees, at common-law or otherwise, for such injury, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person, ..."

4. At the time *Lunow* was decided, a wife did not have a legal right to loss of consortium as a cause of action in Oklahoma, but this action was available to the husband. The wife's action has now been recognized in Oklahoma by the enactment of 32 O.S.1981 § 15.

5. See 85 O.S.1981 § 22 which provides for the schedule of compensation to injured workers.

6. Okla.Const. art. 23, § 7 provides:
   "The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, provided however, the Legislature may provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive."

7. See 12 O.S.1981 § 1053 which provides in part:
   "A. When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action, had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two (2) years...."

were non-recoverable at common law. The right to recover for wrongful death accrues solely by statutory command. Where the statute provides a method to recover damages for the death of a person which is caused by the wrongful act of another, the remedy is predicated upon the existence of the right of action which was personal to the decedent had he lived.[8] The right to maintain a cause of action under the wrongful death statute is derivative and is dependent upon the continuance of the right in the decedent at the time of his death.[9] Because any claim which decedent might have had against appellees is precluded by the exclusive remedy provided by the Workers' Compensation Act, the wife's right of action for loss of consortium is also barred.

### B

The wife's right of action to recover damages for the death of her husband has not been abrogated. Rather, it has been limited. The death benefit provision of the Workers' Compensation Act was adopted as a substituted remedy for causes of action arising from the death of workers covered by the provisions of the Act.[10] The wife has received her statutorily prescribed compensation benefits.

AFFIRMED.

All the Justices concur.

---

8. *Hill v. Graham*, 424 P.2d 35–38 (Okl.1967).

9. *Haws v. Luethje*, 503 P.2d 871, 876 (Okl. 1972).

10. *Harter Concrete Products, Inc. v. Harris*, 592 P.2d 526, 528 (Okl.1979); *Viersen & Cochran Drilling Co. v. Ford*, 425 P.2d 965 (Okl.1977); *Roberts v. Merrill*, 386 P.2d 780, 783 (Okl. 1963).