**HUGHES DRILLING COMPANY, Petitioner,**

v.

**Theodore H. CRAWFORD and Sandra O. Crawford, Parents of Theodore Layton Crawford, Deceased, Respondents.**

**No. 61207.**

Supreme Court of Oklahoma.

Feb. 26, 1985.

Rehearing Denied April 16, 1985.

**526**

Fenton, Fenton, Smith, Reneau & Moon by Donald R. Wilson, Oklahoma City, for petitioner.

Shoemake & Shoemake by Shockley T. Shoemake, Pawhuska, and Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks by Gene Stipe and William Craig Dawkins, Oklahoma City, for respondents.

1. 85 O.S. 1981 § 1, et seq.

HODGES, Justice.

The question to be answered in this appeal from a certified interlocutory order is whether the parents of a deceased minor, whose death accidentally occurred in the course of his employment, may bring an action against his employer in district court, or whether they are limited to the benefits provided under the Workers' Compensation Act.[1] We hold that the Workers' Compensation Court has exclusive jurisdiction of this dispute between these parties, and thus the trial court erred in overruling petitioner's objection to jurisdiction.

As alleged in the petition filed by the respondents (hereafter plaintiffs), their minor son, Theodore Layton Crawford, died as a result of injuries accidentally incurred while on an oil and gas drilling rig owned by the petitioner (hereafter defendant). Alleging negligence and "reckless disregard" for their son's safety, the plaintiffs sought recovery for his wrongful death pursuant to 12 O.S.1981 § 1055. Defendant sought dismissal, arguing that plaintiffs' son was an employee of defendant, and any claim for his death was exclusively under the provisions of the Workers' Compensation Act. The trial court overruled that objection, but certified his ruling for interlocutory review, stating that a resolution of this issue at this state in the litigation would materially advance its ultimate conclusion. We grant certiorari pursuant to 12 O.S.1981 § 952(b)(3) to review that ruling.

The parties do not dispute that the decedent was an employee of defendant, or that his death resulted from accidental injuries arising out of and in the course of his employment. Despite this apparent basis for coverage by the Workers' Compensation Act, plaintiffs urge that their action is properly brought in district court. Plaintiffs contend that the death benefit provisions found in 85 O.S.1981 § 22 under subsections 8 through 10, abrogate their right of action for the death of their son in violation of Art. 23, Sec. 7 of the Oklahoma Constitution.

As adopted originally, Art. 23, Sec. 7 provided:

"The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation."

In *F.W. Woolworth Co. v. Todd*, 204 Okl. 532, 231 P.2d 681, 684 (1951) the Court considered the effect of this provision and stated:

"The constitution, Schedule Sec. 2, proposed to extend and continue in force all of the laws in force in the Territory of Oklahoma at the time of the admission of the state into the Union which were not repugnant to the constitution and not locally inapplicable. That, of course, included Section 4313, Oklahoma Statutes 1893. That was one legislative act which the framers of the constitution desired to keep intact, and to that end they included Section 7, Article 23 in the constitution. The intent and effect of that provision is that so long as the provisions of Sec. 7, Article 23, of the constitution remain as a part of the constitution, the legislature, or the people by initiative petition, may not withdraw, take away, annul, or repeal the provisions of said Section 4313, Oklahoma statutes of 1893...."

Under this provision, all the incidents of the right of action for wrongful death, as that action was formerly defined in 12 O.S. 1971 § 1053 and 1954, became "crystallized" by the above cited constitutional provision. *Roberts v. Merrill*, 386 P.2d 780 (Okla.1963). The legislature and the people, absent constitutional amendment, were powerless to effectively limit the amount of recovery or abrogate the right of action which arose out of the provisions of the law *as it existed when the constitution was adopted.*

By an amendment adopted in 1950, this section of the constitution was altered by adding a provision at the end of the existing language so that it now reads:

"The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, provided, however, that the Legislature may provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive."

After the adoption of the amendment the legislature adopted additional provisions for death benefits in cases involving death-causing injuries which were covered by the Workmen's Compensation Act. Initially, these provisions provided for a total benefit to be divided among the "dependents" of the employee as that term was defined in Section 3.1 of Title 85, as it read prior to amendments in 1977.[2] In 1971, the death benefits' provision was amended to establish a sliding scale of benefits based upon who and how many dependents survived the employee.[3] However, the benefits were still stated as a set amount for each category of dependent. In 1977, the legislature engaged in a wholesale revision of our laws on Workmen's Compensation and adopted what is known as the Workers' Compensation Law, revising death benefits as well.[4]

Section 22.8 now grants "income benefits for death" to survivors of the employee who are "actually dependent" upon the employee as that term is defined in Section 3.1, as revised by the same legislative enactment. In addition, Section 22.9 provides for recovery by the "heirs-at-law" of the deceased for their pecuniary loss if said heirs are not otherwise entitled to benefits, up to a maximum of $5,000 in the aggregate.

Plaintiffs contend that the new scheme of benefits adopted in the Workers' Compensation Act does not make provision for

---

**2.** Laws 1951, Ch. 2; Laws 1965, Ch. 131; Laws 1970, Ch. 318.

**3.** Laws 1971, Ch. 336.

**4.** 85 O.S. 1981 § 22.8–10.

parties in their position, non-dependent parents of a deceased employee who was a minor, and that their right of action for his death is preserved by Article 23, Section 7, and may be enforced by action in the district court.

## I.

Plaintiffs first argue that the benefit scheme provided by the Act is invalid because it changes their cause of action from one for damages for contributions which their son would likely have made to them during and after minority to a cause of action limited by their actual dependency on the deceased. This, they say, is contrary to the rule laid down by this Court in *Capitol Steel & Iron Co. v. Fuller*, 206 Okla. 638, 245 P.2d 1134 (1952), and more recently in *Wallace v. State Industrial Court*, 406 P.2d 488 (Okla.1965). In both cases the Court determined that death benefits under workers' compensation were payable to "heirs-at-law" who sustained pecuniary loss.

The *Wallace* court specifically rejected a determination by the State Industrial Court, sitting en banc, that the parents of a minor could not recover benefits for his death unless they proved their dependency upon him. At the time *Wallace* was decided, the death benefits were in a lump sum to be distributed to all of the statutory beneficiaries.[5] Those beneficiaries were stated to be the "dependents of the deceased employee as defined herein." Also, at that time, 85 O.S.1961 § 3.1 defined a "dependent" for death benefit purposes as meaning and including the "heirs-at-law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma."

Since the parents would have had a cause of action for their pecuniary loss under the wrongful death statutes, the *Wallace* court concluded that Art. 23, Sec. 7 required them to be included as beneficiaries under workers' compensation.

Plaintiffs suggest the decision of the *Wallace* court is applicable here. The provisions of the current Act do not support this argument. In both *Capitol Steel*, supra, and *Wallace*, supra, the Court was interpreting a workers' compensation law which provided for a single lump sum benefit to the "dependents", which were defined as the decedent's "heirs-at-law." It made *no* provision for benefits to any who did not meet that test. We are asked to pass upon a benefit scheme which has not only specifically limited "income benefits" to "actual dependents,"[6] but has provided a remedy for those who cannot meet the "dependency" test even though they have sustained pecuniary loss and would be entitled to recover under the wrongful death statutes.[7]

While plaintiffs may not be eligible for "income benefits," they may recover as "heirs-at-law" if they have sustained pecuniary loss under subsection 9. This is precisely the recovery to which they would have been entitled under the wrongful death law in effect at the time Art. 23, Sec. 7 was adopted along with the rest of our constitution. *Parkhill Trucking Co. v. Hopper*, 208 Okla. 429, 256 P.2d 810 (1953). As authorized by the 1950 amendment to Art. 23, Sec. 7, the legislature has not destroyed the right of action for death guaranteed to decedent's survivors under

---

5. 85 O.S. 1961 § 22(7).

6. 85 O.S. 1981 § 22.8.
   Under 85 O.S. 1981 § 3.1, " 'Actually dependent' " means:
   "a. a surviving spouse as defined in this section;
   "b. a child as defined in this section; or
   "c. any other person dependent in fact upon the employee and refers only to a person who receives one-half (½) or more of his support from the employee;"

7. 85 O.S. 1981 § 22.9 provides:
   "Where some pecuniary loss may be shown by heirs-at-law of the deceased, as defined by the descent and distribution statutes of Oklahoma, who are otherwise not entitled to receive benefits under other provisions of this section, such heirs-at-law shall receive compensation for their pecuniary loss not to exceed an aggregate of Five Thousand Dollars ($5,000.00)."

that provision, but has limited it in amount.[8]

## II.

■ Next, plaintiffs argue that Act abrogates their right of action because it does not provide a single amount of compensation for a fatal injury, but rather sets varying amounts of compensation based primarily upon relationship and dependency. As sole support for their argument they cited the language of the 1950 amendment which authorized the legislature to set "an amount of compensation." There is nothing in the constitutional limitation which requires the legislature set a single amount of compensation to be divided among the beneficiaries.

The proviso added in 1950 was for the purpose of allowing the legislature to set a limit on the pecuniary loss which could be recovered by those parties having a right of action under the wrongful death statutes for deaths covered by the Workmen's Compensation Law. As long as the legislature has not limited or abrogated the rights of those persons having a right of action for death for their pecuniary losses which was guaranteed by Article 23, Section 7, except with regard to amount, it has not violated the constitutional limitation. If the legislature, as a matter of policy, determines that other parties may recover benefits for death without necessarily suffering pecuniary loss, the legislature may do so. *It is not required to do so.*

## III.

Plaintiffs point to the provisions of 12 O.S.1981 § 1055 which provide special damages in the cases of deaths of minor children, and argue that since the Workers' Compensation Act does not provide for different benefits in these types of cases, there is a "hiatus" which allows them to seek recovery in district court. As noted previously, the "right of action death" which is preserved by the provisions of Article 23, Section 7, is the death action as embodied in Section 435 (4313), Oklahoma Statutes 1893, which later became 12 O.S. § 1053 (prior to its amendment in 1978 and 1979) and § 1054. *Roberts v. Merrill*, supra.

■ An action under the Workers' Compensation Law is the exclusive remedy against an employer for deaths covered by that Act. *Rios v. Nicor Drilling Company*, 665 P.2d 1183 (Okla.1983). The fact that the Act does not differentiate between deaths of minor children and other deaths creates no special right to bring an action in district court or abrogate the death action preserved by Article 23, Section 7, of our constitution.

Without citation of authority, plaintiffs suggest that unless the Workers' Compensation Act provides a remedy comparable to the remedy provided in § 1055, their cause of action for death has been abrogated. In adopting Art. 23, Sec. 7, the framers of our constitution and the people were interested in preserving from legislative abridgment the cause of action for wrongful death as they knew and perceived it. There is nothing in that section which indicates that they intended every subsequent amendment to the wrongful death law which expanded the rights of the beneficiaries to be chiseled in concrete. Our inter-

---

8. Plaintiffs cite criticism in F. Elkouri, Workers' Compensation in Oklahoma, 1978, University of Oklahoma Continuing Legal Education, of the "actual dependency" test for income benefits. However, we note that Professor Elkouri ultimately suggested that subsection 9 had satisfied constitutional objections when he stated at page 155 of his treatise:

"... No doubt the legislature can constitutionally provide for workers' compensation benefits to dependents as a matter of state policy. Certainly this comports with the fundamental purpose of workers' compensation legislation.

Nevertheless, under the example given above the mother did have a constitutional right to damages for the death and even after the constitution was amended in 1950 to bring death cases under workers' compensation the legislature could alter her right of action only by specifying the amount of recovery ... That is what the legislature has now done by § 22(9). Thus, the constitutional pitfall may have been circumvented and the basic policy of providing substantial benefits to persons who were actually dependent upon the deceased employee is carried out."

pretation allows the legislature to safely expand and contract the compensatory aspects of the death action as societal values and needs may change, but preserves that basic action which the constitution considers inviolate.

## IV.

■ Finally, plaintiffs argue that the death benefits available to them under the Workers' Compensation are only token and, therefore, their action is effectively abrogated. The Act provides a maximum aggregate benefit of $5,000 for the "heirs-at-law" of the deceased employee to the extent they have suffered pecuniary loss. Plaintiffs have not offered any authority for their argument that this sum is so small as to constitute no recovery whatsoever except to contrast it with the elements of damage for which they might recover in district court under 12 O.S.1981 § 1055.

The restrictions and limitations contained in our constitution upon the legislative power must be construed strictly, and they may not be expanded to include matters not covered or implied by the language of the constitution. *Wiseman v. Boren,* 545 P.2d 753 (Okla.1976). Thus, we are not free to imply a further limitation on the legislative power to set amounts of recovery in wrongful death cases covered by the Workers' Compensation Act to require that those amounts bear some relationship to the recovery which might be had in an action in district court. The amount of that recovery is in the province of the legislature under the specific directive of the constitution, and if it is too small the people have the power, either through their elected officials or by their right of initiative petition, to increase it.

## CONCLUSION

Plaintiffs' contention that they were entitled to bring this action in district court is premised upon their belief that the death benefits' provision of the Workers' Com-

pensation Act violates the constitutional command that the right of action for death remain inviolate. As we have seen, the legislative scheme of benefits does preserve to the plaintiffs their right to a remedy for the pecuniary loss which they may have suffered by the death of their son. The remedy provided limits their rights, as established by our wrongful death statutes as they existed when the constitution was adopted, only in the amount of recovery. Since such an amount limitation is explicitly recognized by the very provision relied upon by the plaintiffs, they cannot be said to have met their burden of showing that a legislative enactment is unconstitutional in the face of the presumption of validity accorded under our law. *Wiseman v. Boren,* supra.

The trial court lacked subject matter jurisdiction over this cause of action, and its order denying the objection to jurisdiction must be reversed.

ORDER OF TRIAL COURT OVERRULING OBJECTION TO JURISDICTION REVERSED. CAUSE REMANDED WITH DIRECTIONS TO DISMISS.

SIMMS, C.J., and LAVENDER, HARGRAVE and SUMMERS, JJ., concur.

DOOLIN, V.C.J., and OPALA, ALMA WILSON and KAUGER, JJ., concur in judgment.

OPALA, Justice, concurring in judgment only.

Before us for review is a certified interlocutory order. It declares a death claim to lie within the district court's jurisdiction rather than within the *exclusive cognizance* of the Workers' Compensation Court. Under challenge here is the validity of those 1977 amendments[1] to the Workmen's Compensation law[2] which effect a dichotomous division of death beneficiaries into those who were "actually dependent" on the decedent and those with "some pecuniary loss". The former are eligible for the

---

**1.** 85 O.S. Supp. 1977 §§ 1 et seq. (Okla.Sess. Laws 1977, c. 234, §§ 1 et seq.)

**2.** 85 O.S. 1971 §§ 1 et seq.

more generous "income benefits",[3] while the recovery of the latter is limited to $5,000.00.[4] The precise question we must answer is whether the parents of an unemancipated minor killed in an accident covered by the Workers' Compensation Act,[5] whose claim for the death of a child upon whom they were *not* "actually dependent" [6] stands limited by § 22(9) [7] to not more than $5,000.00, may pursue a district court action for wrongful death, because their constitutionally-protected remedy in compensation has been either abridged or rendered ineffective [8] by those provisions of the Act which impermissibly (a) single them out from the rest of authorized death beneficiaries for a less favorable treatment as a sub-class distinct from other parents and (b) provide for them benefits far lower than those for other parent-claimants, with the reduction based upon considerations bearing *no* rational relationship to the only standard recognized by law for measuring a death award—the quantum of pecuniary loss.

The court's pronouncement holds the parents may not sue for wrongful death because their second-class treatment in the compensation remedy is nonetheless free from any fundamental-law infirmity. My view is that while the § 22(9) recovery limit cannot pass constitutional muster, the parents nonetheless are barred from bringing a district court action. This is so because their exclusion from the class of parents who may qualify for income benefits under the Act is rested on legally impermissible criteria and they are hence entitled to be placed in a status absolutely coequal with that of those parent-beneficiaries who were "actually dependent" upon their deceased child.

I would hold that while the legislature does not lack power to prescribe a different benefit limit for each class of beneficiaries who are authorized by the provisions of 12 O.S.1981 § 1053 to participate in the recovery for death, the difference in the amount of benefits prescribed for the various classes may not rest upon a legally unsanctioned gauge of "actual dependency".

**3.** 85 O.S. 1981 § 22(8).

**4.** 85 O.S. 1981 § 22(9).

**5.** 85 O.S. 1981 §§ 1 et seq.

**6.** Actual dependency is defined in 85 O.S. 1981 § 3.1. The provisions pertinent here are those in § 3.1A(1), 3.1A(6) and 3.1B. These are:
A(1) " 'Actually dependent' means:
a. a surviving spouse as defined in this section;
b. a child as defined in this section; or
c. any other person dependent in fact upon the employee and refers only to a person who receives one-half (½) or more of his support from the employee;
⁕   ⁕   ⁕   ⁕   ⁕   ⁕
(6) 'Parent' means a mother or father, ... if actually dependent in each case except as provided in paragraph (1) of this section.
B. All questions of relationship and *dependency shall be determined* as of the time of injury for purposes of income benefits for injury, and *as of the time of death for purposes of income benefits for death.*" [Emphasis added.]

**7.** 85 O.S. 1981 § 22(9) provides:
"Where some pecuniary loss may be shown by heirs-at-law of the deceased, as defined by the descent and distribution statutes of Oklahoma,

who are otherwise not entitled to receive benefits under other provisions of this section, such heirs-at-law shall receive compensation for their pecuniary loss not to exceed an aggregate of Five Thousand Dollars ($5,000.00)."

**8.** The substituted remedy in compensation for death is constitutionally protected. To the extent that a remedy in compensation should prove ineffective to secure relief, the wrongful death action might survive under our constitution's shield against abrogation or limitation of recovery for death. Art. 23 § 7, Okl.Const.; *Roberts v. Merrill*, Okl., 386 P.2d 780, 783 [1963]. *The power of the legislature to shape the substituted remedy is subject to the restraints of Art. 23 § 7, Okl.Const., as amended in 1950, and to the provisions of 12 O.S. 1981 §§ 1053 and 1054.* In *Roberts, supra,* at 783–784, we described the narrow sweep of authority that resides in the legislature in this language:
"*Any right of recovery for death,* whether it be by an action at law for wrongful death or by a claim for death benefits under the Workmen's Compensation Act, *exists by reason of the provisions of 12 O.S.1961 § 1053.* * * * '... any provision ... which modifies the provisions of sections 1053 and 1054* of Title 12 O.S.1941, except to "provide an amount of compensation ... for death resulting from injuries suffered in employment" ... is ... void.' " [emphasis added]

Rather, the differential in recovery limits must have a reasonable relation to the only permissible standard for measuring the size of a death award—the quantum of *pecuniary loss* reasonably expected from the death to be compensated.[9]

By the mandated exclusivity of the compensation remedy the parents are barred from pursuing their wrongful death action,[10] but, if they are able to establish pecuniary loss,[11] they may not be precluded—by want of actual dependency status—from recovering the income benefits allowed by the compensation remedy for parents who were "actually dependent".

By the common law the right of action for personal injury, whether it be the cause of one's death or not, is extinguished by the death of the injured party; the cause of action is said to die with the person entitled to sue.[12] The common-law rule has been abrogated by our legislative enactments, 12 O.S.1981 §§ 1051–1055. These statutes permit a cause of action for an injury to the person both to survive and to remain unabated [§§ 1051 and 1052]. They also create a *new and independent right of action* for wrongful death. Recovery in the new action "must inure to the exclusive benefit" of the survivors authorized in § 1053. Oklahoma's wrongful death legislation[13] follows the language of the prototype English law known as Lord Campbell's Act.[14] The right of recovery for wrongful death is confined to pecuniary loss which includes "anything of monetary value to the plaintiff".[15] *Pecuniary loss constitutes the test for recovery, whether the claim be in the district court for wrongful death or for death benefits under the Workers' Compensation Act.*[16] Settled case law declares that a compensation claim for death benefits is established by (a) proof of heirship, as that term is defined in the law of descent and distribution, and (b) by a showing of pecuniary loss. *These constituent elements of one's right of action for death are legally protected from legislative invasion.* They are impervious to a statutorily-effected metamorphosis.[17]

"Actual dependency" and "pecuniary loss" are totally incompatible concepts. The former requires that a beneficiary's claim be founded solely on *pre-death support actually provided* by the deceased employee.[18] The latter term affords a measuring device that is *essentially prospective* in its character. It may encompass no other elements of loss than the current worth of *anticipated contributions* which, in all reasonable probability, the deceased child would have made to the parents *after* attaining majority.[19] Pecuniary loss from

9. *Wallace v. State Industrial Court,* Okl., 406 P.2d 488 [1965].

10. 85 O.S. 1981 § 12 provides in pertinent part: "The liability prescribed [by the Workers' Compensation Act] ... shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for ... death, to the employee ... parents, ... or any other person except ..."

11. *Wallace v. State Industrial Court, supra* note 9.

12. *Boswell v. Nolan,* Okl., 366 P.2d 767, 769 [1961]; *Kennedy v. Byers,* 107 Ohio St. 90, 140 N.E. 630 [1923].

13. 12 O.S. 1981 §§ 1053 and 1054.

14. 9 and 10 Vict. Ch. 93 [1846]; *St. Louis & S.F.R. Co. v. Goode,* 42 Okl. 784, 142 P. 1185, 1187 [1914] and *Brookshire v. Burkhart,* 141 Okl. 1, 283 P. 571, 574, 67 A.L.R. 1059 [1930].

15. *Okmulgee Gas Co. v. Kelly,* 105 Okl. 189, 232 P. 428, 431 [1924].

16. *Wallace v. State Industrial Court, supra* note 9; *Meadow Gold Dairies v. Oliver,* Okl., 535 P.2d 290, 293 [1975].

17. *Meadow Gold Dairies v. Oliver, supra* note 16; *Corvin v. State Industrial Court,* Okl., 408 P.2d 322, 325 [1965]; *Capitol Steel and Iron Co. v. Fuller,* 206 Okl. 638, 245 P.2d 1134, 1139 [1952] and *Roberts v. Merrill, supra* note 8. See also, *Garland v. Herrin,* 724 F.2d 16, 20 [2nd Cir. 1983].

18. See statutory definitions, *supra* note 6.

19. *Kali Inla Coal Co. v. Ghinelli,* 55 Okl. 289, 155 P. 606, 609 [1916]; *City of Miami v. Finley,* 112 Okl. 97, 240 P. 317, 319–320 [1925]; *St. Louis-San Francisco R. Co. v. Floyd,* 146 Okl. 42, 293 P. 250, 77 A.L.R. 1431 [1930]; *Fike v. Peters,* 175 Okl. 334, 52 P.2d 700, 704 [1935]; *Parkhill Trucking Co. v. Hopper,* 208 Okl. 429, 256 P.2d

the death of a child is not to be deemed less extensive when it results from anticipated contributions than when it is based solely on pre-death support. In short, the legislatively-elevated benefits for parents in an actual dependency status bear no rational relation to the extent of their total loss as compared with that suffered by parents with only prospective damages.

The legislature transgressed the bounds of its constitutional mandate, conferred upon it by the proviso added in 1950 to Art. 23 § 7, Okl.Const., when it replaced "pecuniary loss" with "actual dependency" as the test for income benefits under the substituted remedy in compensation.[20] Because the parents in this case cannot be disqualified, upon grounds that are unsanctioned by law, from receiving benefits allowable to surviving parents who were actually dependent, they may nonetheless recover income benefits on an equal footing with other parents by establishing an heirship status and pecuniary loss from the death of their child.[21] If these parents are not placed in a status coequal with income beneficiaries, their second-class treatment in the substituted compensation remedy does indeed offend Art. 23 § 7, Okl.Const., as amended in 1950.

For the reasons so stated, I concur *only* in the judgment that bars the parents from pursuing a wrongful death action.

DOOLIN, V.C.J., and ALMA WILSON and KAUGER, JJ., join with me in these views.

810, 814 [1953]; *Venable v. Burton,* Okl., 363 P.2d 224, 228–229 [1961]; *Finefrock v. Rice,* Okl., 426 P.2d 675, 678 [1967]. See also Anno. Death of Infant—Measure of Damages, 14 A.L.R.2d 485, 506, 528 [1950].

**20.** *Roberts v. Merrill, supra* note 8; *Wallace v. State Industrial Court, supra* note 9; *Meadow Gold Dairies v. Oliver, supra* note 16.

**21.** The "actual dependency" requirement is readily severable from the rest of the death provisions, because it is not to be presumed that the legislature had intended the remainder of the death benefit provisions to suffer invalidation together with the offending dependency requirement. It is not likely that the legislature would have desired to subject covered employ-

ers to unlimited liability in wrongful death to claimants who, though heirs with pecuniary loss, were not actually dependent. This would doubtless result if the entire enactment dealing with death benefits were to be declared invalid because of the legislature's impermissible inclusion of the actual dependency requirement.

In *Chicago, R.I. & P. Railway Co. v. Excise Board of Stephens County,* 168 Okl. 519, 34 P.2d 274, 275 [1934], we held:

"... If the unconstitutional portions of a statute are severable from the remainder of the act in such a way that it may be presumed the valid portions would have been enacted with the invalid portions eliminated, the failure of the latter will not render the entire statute void. On the contrary, the statute will be enforced as to the valid portions ..."